1  BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
2  Ramzi Abadou (Bar No. 222567)
   rabadou@btkmc.com
3  Stacey M. Kaplan (Bar No. 241989)
   skaplan@btkmc.com
4  Erik D. Peterson (Bar No. 257098)
5  epeterson@btkmc.com
   580 California Street, Suite 1750
6  San Francisco, CA 94104
7  Telephone: (415) 400-3000
   Facsimile: (415) 400-3001
8
9  *Proposed Lead Counsel*

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

| | |
|---|---|
| JUSTIN MUI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MANNKIND CORPORATION, *et al.*,<br><br>Defendants. | No. CV 11-00929 GAF (SS)<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION OF MARK P. GAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:   May 2, 2011<br>TIME:   9:30 a.m.<br>ROOM:   740<br>JUDGE:  Gary A. Feess |

**NOTICE OF MOTION AND MOTION**

TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 2, 2011, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 740, of the Honorable Gary A. Feess, movant Mark P. Gay ("Mr. Gay") will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Mr. Gay as lead plaintiff; and (2) approving Mr. Gay's selection of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") as lead counsel. This Motion is made on the grounds that Mr. Gay is the "most adequate plaintiff" pursuant to the PSLRA. In support of this Motion, Mr. Gay submits herewith a Memorandum of Points and Authorities and the Declaration of Ramzi Abadou in Support of the Motion of Mark P. Gay for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Abadou Decl.").[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

By Order dated March 1, 2011, the Court consolidated four class action lawsuits brought on behalf of all persons who purchased MannKind Corporation ("MannKind" or the "Company") securities between June 25, 2010 and January 19, 2011 (the "Class Period").[2] *See* Docket No. 7. The Consolidated Actions allege that MannKind and certain of its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§78j(b) and

---

[1]  Any member of the putative class may seek appointment as lead plaintiff, whether or not they have previously filed a complaint. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Because Mr. Gay cannot determine the identity of other possible lead plaintiff movants in advance of the motions being filed, he respectfully requests leave from compliance with the pre-motion conference requirement set forth in L.R. 7-3.

[2]  The actions consolidated by the Court's March 1, 2011 Order are referred to herein as the "Consolidated Actions."

78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  As a class action lawsuit asserting claims under the Exchange Act, the PSLRA governs the appointment of lead plaintiff and lead counsel in the Consolidated Actions.  *See* 15 U.S.C. §78u-4(a)(3)(B).

For the reasons set forth herein, Mr. Gay submits that he should be selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class.  *See* Abadou Decl., Exhibits ("Exs.") A-B; *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Apple v. LJ Int'l Inc.*, 2008 U.S. Dist. LEXIS 12618, at *6-*7 (C.D. Cal. 2008) (Feess, J.).  In addition, Mr. Gay satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because his claims are typical and he will fairly and adequately represent the class's interests.  *See LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *6-*7.  Further, in accordance with the PSLRA, Mr. Gay's selection of lead counsel should be approved.  *See* §III.C, *infra*; *Cavanaugh*, 306 F.3d at 734; *In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009).[3]

## II.   SUMMARY OF THE ACTION

MannKind, a Delaware corporation with its principal place of business in Valencia, California, is a biopharmaceutical company that focuses on the discovery, development and commercialization of therapeutic products for diseases such as diabetes and cancer.  The Company's lead investigational product candidate, AFREZZA, is an ultra rapid-acting insulin inhalation powder.

As detailed in the Consolidated Actions, throughout the Class Period, defendants issued false and misleading statements about, *inter alia*, the risk profile and clinical utility of AFREZZA and the likelihood of its U.S. Food and Drug Administration ("FDA") approval.  Specifically, defendants repeatedly assured investors that FDA approval of AFREZZA was imminent and that AFREZZA was "a

---

[3]   Unless otherwise noted, internal citations are omitted.

1 blockbuster" product that was extremely valuable in the treatment of adult patients
2 with Type 1 and Type 2 diabetes.

3 Despite the Company's positive representations, defendants received a
4 complete response letter from the FDA on January 18, 2011 stating that the FDA had
5 deferred the approval of AFREZZA. The FDA also informed the Company that two
6 additional clinical trials would be needed to test the next-generation inhaler used to
7 administer AFREZZA. Defendants waited until less than an hour before the market
8 closed on January 19, 2011 to reveal the contents of the FDA's complete response
9 letter. Following the Company's disclosure, the Company's stock fell $2.94 –
10 approximately 32% – from its close on January 18, 2011, to $6.17 per share on
11 January 20, 2011.

12 **III.   ARGUMENT**
13 **A.   The PSLRA's Lead Plaintiff Provisions**
14 The PSLRA establishes the procedure for the appointment of a lead plaintiff in
15 "each private action arising under [the Exchange Act] that is brought as a plaintiff
16 class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-
17 4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class
18 within twenty days, informing class members of their right to file a motion for
19 appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection
20 with the filing of the first-filed action, *Mui v. MannKind Corp., et al.*, No. CV 11-
21 00929 GAF (SS), notice was published on *Business Wire* on January 31, 2011. *See*
22 Abadou Decl., Ex. C. Second, within sixty days of the publication of notice, any
23 person who is a member of the proposed class may apply to be appointed as lead
24 plaintiff, whether or not they have previously filed a complaint in the action. *See* 15
25 U.S.C. §78u-4(a)(3)(A)(i)(II).

26 Third, within ninety days after publication of notice, courts shall consider any
27 motion made by a class member and shall appoint as lead plaintiff the member or
28

1  members of the class that the court determines to be most capable of adequately
2  representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  In
3  determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23.

11  15 U.S.C. §78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.

12  The time period in which class members may move to be appointed lead
13  plaintiff in this case expires April 1, 2011.  *See* Docket No. 21 ("Consistent with the
14  PSLRA, motions for appointment as lead plaintiff shall be filed no later than April 1,
15  2011"); *see also* 15 U.S.C. §78u-4(a)(3)(A)-(B).  Pursuant to the PSLRA, and within
16  the requisite time frame after publication of the required notice, Mr. Gay timely
17  moves this Court to be appointed lead plaintiff on behalf of all members of the class.
18  In addition, Mr. Gay has selected and retained counsel experienced in the prosecution
19  of securities class actions to represent him and the class.  *See* Abadou Decl., Ex. D.
20  Accordingly, Mr. Gay satisfies the PSLRA's filing requirements and is entitled to
21  have his application for appointment as lead plaintiff considered by the Court.

**B.   Mr. Gay Is the "Most Adequate Plaintiff"**

    **1.   Mr. Gay Has the Largest Financial Interest in the Relief Sought by the Class**

25  Mr. Gay suffered a loss of approximately $56,000 in connection with his Class
26  Period purchases of MannKind stock.  *See* Abadou Decl., Exs. A-B.  To the best of his
27  knowledge, this represents the largest financial interest in the relief sought by the

1 class. *See Cavanaugh*, 306 F.3d at 730-32; *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at
2 *5-*6.

### 2. Mr. Gay Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Although Rule 23 includes four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Cavanaugh*, 306 F.3d at 730; *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *16 ("At this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy.").

### a. Mr. Gay Is Typical

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Mr. Gay is typical because, just like all other class members asserting claims under the Exchange Act, he: (1) purchased or otherwise acquired MannKind securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3)

suffered damages when corrective disclosures removed the inflation caused by defendants' conduct causing the price of MannKind's securities to fall. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005). Thus, Mr. Gay's claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events. *See* 7 Herbert B. Newberg, *et al.*, *Newberg on Class Actions* §22.24 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

### b.     Mr. Gay Is Adequate

The adequacy requirement is met when "(1) counsel for the class is qualified and competent; and (2) the representative's interests are not antagonistic to the interest of absent class members." *See LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17. Mr. Gay satisfies both of these elements. First, as explained below, Mr. Gay has selected a highly qualified firm with significant experience prosecuting class action lawsuits under the federal securities laws to serve as lead counsel for the class. *See* §III.C, *infra*. Second, there is no conflict between Mr. Gay and the class as both he and the class seek to recover losses caused by defendants' false and misleading statements.

### C.     The Court Should Approve Mr. Gay's Selection of Counsel

The party selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see Autobytel*, 226 F.R.D. at 673 (noting that "[a] court may disturb the lead plaintiff's choice of counsel only if it appears necessary to 'protect the interests of the class'"); *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17. Mr. Gay has selected and retained Barroway Topaz to serve as lead counsel for the class. Barroway Topaz has extensive experience in securities litigation and is well qualified to represent the class. *See* Abadou Decl., Ex. D; *Cohen*, 586 F.3d at 709; Order, *Andrade v. American Apparel,*

*Inc. et al.*, No. 10-cv-06352-MMM-JCG (C.D. Cal. Mar. 15, 2011) (Abadou Decl., Ex. E at 27) ("Barroway Topaz has been appointed sole or co-lead counsel in numerous complex securities class actions in this district and around the country. The firm thus has experience litigating securities fraud class actions on behalf of individual investors, and its briefing to date indicates a familiarity with the applicable law.").

## IV. CONCLUSION

For the foregoing reasons Mr. Gay respectfully requests that the Court: (1) appoint Mr. Gay as lead plaintiff pursuant to the PSLRA; and (2) approve Mr. Gay's selection of Barroway Topaz to serve as lead counsel for the class.

Dated: April 1, 2011

Respectfully submitted,

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

*/s/ Ramzi Abadou*
Ramzi Abadou
Stacey M. Kaplan
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Darren J. Check
Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Proposed Lead Counsel*

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. CV 11-00929 GAF (SS)

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 1, 2011.

/s/ Ramzi Abadou
Ramzi Abadou
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
580 California Street, Suite 1750
San Francisco, CA  94104
Phone: (415) 400-3000
Fax: (415) 400-3001

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. CV 11-00929 GAF (SS)

-8-

# Mailing Information for a Case 2:11-cv-00929-GAF -SS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@btkmc.com,shebard@btkmc.com

- **Peter M Adams**
  padams@cooley.com,sissa@cooley.com

- **Adrienne O Bell**
  abell@btkmc.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,chourani@cooley.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com

- **Marc I Gross**
  migross@pomlaw.com

- **Robert I Harwood**
  rharwood@hfesq.com,srosen@hfesq.com,gmariano@hfesq.com

- **Stacey M. Kaplan**
  skaplan@btkmc.com

- **D Seamus Kaskela**
  skaskela@btkmc.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Erik David Peterson**
  epeterson@btkmc.com,knguyen@btkmc.com

- **David M Promisloff**
  dpromisloff@btkmc.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Meghan Oryan Spieker**
  mspieker@cooley.com,msalas@cooley.com

- **Darcie Allison Tilly**
  dtilly@cooley.com,maraujo@cooley.com

- **David C Walton**
  davew@rgrdlaw.com,hectorm@rgrdlaw.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)