LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com
*Attorneys for Movants Ki Yong Choi, Kam Wah Chew, Nick Accardi and Sidney Taylor*
*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MUI, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MANNKIND CORPORATION, et al.,<br><br>Defendants. | No. 11-cv-00929-GAF(SSx)<br>**(Consolidated)**<br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date: May 2, 2011<br>Time: 9:30 a.m.<br>Courtroom: 740<br>Honorable Gary A. Feess |

# MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff movants Ki Yong Choi, Kam Wah Chew, Nick Accardi and Sidney Taylor (collectively, "Movants") respectfully submit this memorandum of points and authorities in support of their motion for appointment as lead plaintiff and approval of Movants' selection of co-lead counsel.

## I. FACTUAL BACKGROUND

This is a consolidated securities class action on behalf of purchasers of the securities of MannKind Corporation ("MannKind" or the "Company") between June 25, 2010 and January 19, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

MannKind is a biopharmaceutical company focused on the discovery, development and commercialization of therapeutic products for diseases, such as diabetes and cancer. The Company's stock traded almost entirely on the prospects of its lead product candidate, AFREZZA® (insulin human [rDNA origin]) Inhalation Powder ("AFREZZA"), delivered by means of a plastic inhaler, for the treatment of adult patients with Type 1 and Type 2 diabetes for the control of hyperglycemia, a rapid-acting insulin that had completed clinical trials in the United States, Europe, and Japan. The plastic inhaler has undergone substantial design modifications since the original New Drug Application ("NDA") for AFREZZA was submitted.

Prior to the Class Period, the U.S. Food and Drug Administration (the "FDA") had delayed approval of AFREZZA. MannKind, however, represented that it was able to respond fully and timely to satisfy the FDA's requests for additional clinical data. While touting that the FDA had not requested additional trials and reassuring investors that "currently available clinical data" was appropriately responsive to all the listed issues, MannKind was aware that there were fatal deficiencies regarding its clinical data which virtually guaranteed that the FDA would respond with a request

for additional trials at the next action date. Defendants, whose future was dependent on the FDA's approval of the device, knew financing would run out before they could ever satisfy what they knew would be imminent requests for new clinical studies.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects for AFREZZA. Specifically, defendants continuously hyped AFREZZA for the treatment of adult patients with Type 1 and Type 2 diabetes for the control of hyperglycemia, while minimizing problems with the prior delivery system that necessitated revision mid-application and which would likely be fatal to the NDA for AFREZZA. Specifically, defendants knew but concealed from the investing public during the Class Period that: (a) The FDA had previously raised significant issues with the utility of AFREEZA in its complete response letter of March 2010; (b) The Company's response to the FDA's request for data was fatally inadequate because it was based upon data obtained from tests on a different inhaler; (c) The gaps created by the redesign in the submitted clinical data would almost certainly result in FDA demands for new trials which could take years to execute; (d) The data was so flawed that even the Company's employees raised serious concerns regarding the clinical trials; and (e) Given these factors, defendants knew that the application for AFREZZA was in jeopardy and that approval would likely not be granted on the action date.

Defendants knew that demands for additional trials would delay the approval by at least a year, as the clinical data for the Medtone inhaler was simply insufficient for the new generation inhaler. Instead, the company touted the drug as a "superblockbuster," which was one of the most valuable products in the history of pharmacology. As a result of defendants' false statements, MannKind's stock traded at artificially inflated prices during the Class Period, reaching a high of $9.83 per share on January 18, 2011.

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

2

Then, on January 19, 2011, shortly before the market closed, MannKind issued a press release announcing that the Company had received a complete response letter from the FDA pertaining to the Company's NDA for AFREZZA. The FDA deferred approving AFREZZA and requested at least two additional clinical trials to compare the Medtone inhaler with the next generation Dreamboat inhaler.

Prior to this news being released on January 19, 2011, MannKind's stock began dropping, as news of the FDA deferral leaked into the market. In fact, the FDA notice had been received on January 18, 2011, and defendants had held off publicly informing shareholders. Trading was halted in MannKind stock on January 19, 2011, and when trading resumed the next day, MannKind's stock plunged $2.94 per share to close at $6.17 per share on January 20, 2011, a one-day decline of 32% on a volume of over 34 million shares.

## II.  PROCEDURAL HISTORY

Plaintiff Justin Mui commenced the instant action on January 31, 2011, and on February 1, 2011, counsel for plaintiff Mui published a notice of the pendency of plaintiff's case on *Business Wire*. *See* Declaration of Michael Goldberg In Support of Motion of Ki Yong Choi, Kam Wah Chew, Nick Accardi and Sidney Taylor For Appointment As Lead Plaintiff and Approval of Co-Lead Counsel (the "Goldberg Declaration"), submitted herewith at Exhibit A. Subsequent to the *Mui* complaint, three related actions were filed in this District[1] and, by order of this Court dated March 1, 2011, the related actions were consolidated under the low-number case and caption.

---

[1] The related actions are: *Mui v. Mannkind Corp. et al.*, No. CV 11-929; *Alessi v. Mannkind Corp., et al.*, No. CV 11-1147; *Zelenak v. Mannkind Corp., et al.*, No. CV 11-1443; and *Ftaiha v. Mannkind Corp., et al.*, No. CV 11-1661.

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

3

Movants bring the instant motion pursuant to the *Mui* complaint and published notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the February 1, 2011 notice.

### III.   ARGUMENT

#### A.   Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

- (aa)   has either filed the complaint or made a motion in response to a notice. . . ;
- (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and
- (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

##### 1.   Movants Are Making A Motion In Response To A Published Notice

On January 31, 2010, plaintiff Justin Mui filed a class action complaint alleging violations of federal securities laws against MannKind and certain of the Company's executive officers. On February 1, 2011, pursuant to §21D(a)(3)(A)(i)

---

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

4

of the PSLRA, counsel for plaintiff published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of MannKind securities that they had 60 days from the publication of the Notice to file a motion to be appointed as lead plaintiff.

Movants file the instant motion pursuant to the *Mui* complaint and published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movants collectively purchased 160,633 shares of MannKind during the Class Period, and as a result have suffered financial losses of $298,753.00. *See* Goldberg Declaration, Exhibit C. To the best of their knowledge, Movants believe they have the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3. Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

---

[2] *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1067 (C.D. Cal. 1999).

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

5

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D.Tex. 1997).

### a. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999). Here, Movants' claims are typical of the claims asserted by Class. Movants, like all members of the Class, allege that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning MannKind's business and financial prospects. Movants, like all members of the Class, purchased MannKind securities at prices artificially inflated by defendants' misrepresentations

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

6

and omissions, and were damaged thereby. Thus, the interests of Movants are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class. *Id.*

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movants also sustained significant financial losses from their investments in MannKind securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [Movants] are antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi*, 70 F. Supp. 2d at 1071.

### 4. Movants Are Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

7

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that the Movants herein are the most adequate plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses – in excess of $340,000 – and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movants have retained Glancy Binkow & Goldberg LLP and Pomerantz Haudek Grossman & Gross LLP to pursue this litigation on Movants' behalf, and will retain these law firms as plaintiff's co-lead counsel, in the event Movants are appointed lead plaintiff. Glancy Binkow & Goldberg LLP and Pomerantz Haudek Grossman & Gross LLP possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Goldberg Declaration as

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

8

Exhibits D and E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) appointing Ki Yong Choi, Kam Wah Chew, Nick Accardi and Sidney Taylor as lead plaintiff and (b) approving Movants' selection of Glancy Binkow & Goldberg LLP and Pomerantz Haudek Grossman & Gross LLP as co-lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: April 1, 2011

GLANCY BINKOW & GOLDBERG LLP

By: _____
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

POMERANTZ HAUDEK
   GROSSMAN & GROSS LLP
Marc I. Gross
Fei-Lu Qian
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile:   (212) 661-8665
Email: migross@pomlaw.com
Email: flqian@pomlaw.com

-and-

---

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

9

POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Movants
and Proposed Co-Lead Counsel*

No. 11-cv-00929-GAF(SSx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

10

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On April 1, 2011, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

**DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

**[PROPOSED] ORDER GRANTING MOTION OF KI YONG CHOI, KAM WAH CHEW, NICK ACCARDI AND SIDNEY TAYLOR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

By posting the documents to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2011, at Los Angeles, California.

Tia Reiss