ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
     – and –
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
triciam@rgrdlaw.com

KAHN SWICK & FOTI, LLC
KIM E. MILLER (178380)
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: 212/696-3730
504/455-1498 (fax)
kim.miller@ksfcounsel.com

KAHN SWICK & FOTI, LLC
LEWIS KAHN
206 Covington Street
Madisonville, LA 70447
Telephone: 504/455-1400
504/455-1498 (fax)
lewis.kahn@ksfcounsel.com

[Proposed] Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUSTIN MUI, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>  vs.<br><br>MANNKIND CORPORATION, et al.,<br><br>               Defendants. | No. 11-cv-00929-GAF(SSx)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JACK KOSAIAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE: May 2, 2011<br>TIME: 9:30 a.m.<br>COURTROOM: 740<br>JUDGE: Hon. Gary A. Feess |

616620_1

## I. PRELIMINARY STATEMENT

This is a securities class action brought on behalf of all those who purchased or otherwise acquired the common stock of MannKind Corporation ("MannKind" or the "Company") between June 25, 2010 and January 19, 2011 (the "Class Period").

Jack Kosaian ("Kosaian") now submits this memorandum of law in support of his motion for an order: (i) appointing Kosaian as Lead Plaintiff; and (ii) approving Kosaian's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Kahn Swick & Foti, LLC ("KSF") as Co-Lead Counsel for the class. 15 U.S.C. §78u-4(a)(3)(B).

This Motion is made on the grounds that Kosaian is the "most adequate plaintiff" as defined by the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Kosaian suffered losses of approximately $54,000 during the Class Period and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.* at 729; McCormick Decl., Ex. C.[1] Finally, Kosaian has selected counsel with the experience necessary to vigorously and efficiently prosecute this litigation on behalf of the class. *See* McCormick Decl., Ex. D & E.

## II. STATEMENT OF FACTS[2]

MannKind is a biopharmaceutical company focused on the discovery, development and commercialization of therapeutic products for diseases, such as diabetes and cancer, including its lead product candidate, AFREZZA (insulin human [rDNA origin]) Inhalation Powder ("AFREZZA") for the treatment of adult patients with Type 1 and Type 2 diabetes.

---

[1] References to the "McCormick Decl." are to the exhibits attached to the Declaration of Tricia L. McCormick in Support of Jack Kosaian's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, submitted concurrently herewith.

[2] The Statement of Facts is derived from the allegations in the *Mui* action, filed January 31, 2011.

- 1 -

616620_1

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects for AFREZZA. Specifically, defendants continuously hyped AFREZZA for the treatment of adult patients with Type 1 and Type 2 diabetes for the control of hyperglycemia, telling market observers that AFREZZA was one of the most valuable products in the history of drug making, while failing to disclose that MannKind's platform would require better information for patients about the risks of AFREZZA. As a result of defendants' false statements, MannKind's stock traded at artificially inflated prices during the Class Period, reaching a high of $9.83 per share on January 18, 2011.

Then, on January 19, 2011, shortly before the market closed, MannKind issued a press release announcing that the Company had received a complete response letter from the U.S. Food and Drug Administration ("FDA") pertaining to the Company's New Drug Application for AFREZZA. The FDA deferred approving AFREZZA and requested two additional clinical trials with the inhaler. Prior to this news being released on January 19, 2011, MannKind's stock began dropping as news of the FDA deferral leaked into the market. In fact, the FDA notice had been received on January 18, 2011, and defendants had held off informing shareholders. Trading was halted in MannKind stock on January 19, 2011, and when trading resumed the next day, MannKind's stock plunged $2.94 per share to close at $6.17 per share on January 20, 2011, a one-day decline of 32% on volume of over 34 million shares.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company failed to disclose that the FDA had issues with the clinical utility of AFREZZA which might inhibit approval; (b) AFREZZA was a riskier product than investors were led to believe and would require additional risk disclosure to patients if approved; (c) the reasons for the FDA's delay in approval of AFREZZA prior to the beginning of the Class Period were not limited to the inspection of the European facility as defendants

- 2 -

616620_1

had stated; and (d) given these factors, defendants knew it was highly doubtful that FDA approval would be forthcoming.

## III. ARGUMENT

### A. Kosaian Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the first notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on January 31, 2011.[3] *See* McCormick Decl., Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may seek to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

---

[3] *Business Wire* is "a national, business oriented newswire service, as required by 15 U.S.C. §78u-4(a)(3)(A)(i)." *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 314 (S.D.N.Y. 2005).

- 3 -

616620_1

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Kosaian Satisfies the "Lead Plaintiff" Requirements of the Securities Exchange Act of 1934

#### a. Kosaian's Motion Is Timely

Kosaian has timely filed his motion, within 60 days of the January 31, 2011, publication of notice, and Kosaian has signed and filed a certification evidencing, among other things, his willingness to serve as a representative party on behalf of the class. *See* McCormick., Ex. A. Accordingly, Kosaian has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff considered by the Court.

#### b. Kosaian Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Kosaian purchased 13,700 shares of MannKind common stock and suffered losses exceeding $54,000 in connection therewith. *See* McCormick Decl., Ex. C. To Kosaian's knowledge, this represents the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### c. Kosaian Satisfies Federal Rule of Civil Procedure Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "[a]t this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." *Apple v. LJ Int'l, Inc.*, No. CV 07-6076-GAF (JWJx) 2008 U.S. Dist. LEXIS 12618, at *16 (C.D. Cal. Feb. 8, 2008) (Feess, J.) (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same event or course of conduct and are based on the same legal theories as the claims of all the class members. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999) (Morrow, J.). The questions of law and fact common

- 5 -

616620_1

1  to the members of the class which predominate over questions which may affect
2  individual class members include, among others, the following:

3  • Whether defendants violated the Securities Exchange Act of 1934;

4  • Whether defendants omitted and/or misrepresented material facts;

5  • Whether defendants' statements omitted material facts necessary to make
6  the statements made, in light of the circumstances under which they were
7  made, not misleading; and

8  • Whether defendants knew or recklessly disregarded that their statements
9  were false and misleading.

10  There is a well-defined community of interest in the questions of law and fact
11  involved in this case, of which Kosaian is a part.  Kosaian, in concert with the other
12  members of the class, alleges that defendants violated the securities laws by publicly
13  disseminating materially false and misleading statements, as well as statements which
14  omitted material facts, about MannKind during the Class Period.  As a result of
15  defendants' fraudulent representations and omissions, Kosaian, as well as all other
16  members of the class, purchased MannKind common stock at artificially inflated
17  prices and were damaged thereby.  Because the claims asserted by Kosaian are
18  premised on the same legal and remedial theories and are based on the same types of
19  misrepresentations and omissions as the class's claims, typicality is satisfied.  *See* 7
20  Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th
21  ed. 2002) ("The majority of class action decisions support the view that when it is
22  alleged that the same unlawful conduct was directed at or affected both the named
23  plaintiff and the class sought to be represented, the typicality requirement is met.").

24  Under Rule 23(a)(4), a representative party must also "fairly and adequately
25  protect the interests of the class."  *Id*.  A lead plaintiff is adequate when there exist
26  both "'common interests between the proposed lead plaintiffs and the class, and a
27  willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the
28  action.'"  *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) (Manella, J.)

- 6 -

616620_1

1  (citation omitted) (alteration in original).  Kosaian is an adequate representative.  As
2  evidenced by his injuries, Kosaian's interests are clearly aligned with the members of
3  the class who also suffered damages due to defendants' wrongdoing and there is no
4  evidence of any antagonism between Kosaian's interests and those of the other
5  members of the class.  Moreover, Kosaian's substantial losses motivate him to pursue
6  this case with vigor and he has retained competent and experienced co-counsel to
7  assist in this process.

8  **B.     The Court Should Approve Kosaian's Selection of Counsel**

9  The PSLRA vests authority in the lead plaintiff to select and retain counsel to
10 represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The
11 court should not disturb lead plaintiff's choice of counsel unless necessary to "protect
12 the interests of the class."   15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).   Kosaian has
13 selected Robbins Geller and KSF as co-lead counsel for the class.

14 Robbins Geller is a 180-lawyer law firm that is actively engaged in complex
15 litigation, emphasizing securities, consumer, and antitrust class actions.  *See Cortese*
16 *v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa.
17 Jan. 30, 2008) ("'The firm is comprised of probably the most prominent securities
18 class action attorneys in the country.'") (citation omitted); McCormick Decl., Ex. D.
19 Robbins Geller possesses extensive experience litigating securities class actions and
20 has successfully prosecuted numerous securities fraud class actions on behalf of
21 injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298,
22 308 (S.D. Ohio 2005) ("the Court finds that [Robbins Geller] will represent deftly the
23 class's interests") and *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).
24 Robbins Geller's securities department includes numerous trial attorneys and many
25 former federal and state prosecutors, and utilizes an extensive group of in-house
26 experts to aid in the prosecution of complex securities issues.  *See* McCormick Decl.,
27 Ex. D.

28

1 Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and KSF.  *See Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31-CJC (RNBx) 2006 U.S. Dist. LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) (Carney, J.) ("There is no real dispute among the movants regarding [Firm's] qualifications to prosecute this action."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Robbins Geller is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions.").

KSF, dedicated solely to the practice of class action and individual investor securities litigation, serves a variety of clients – including large state institutional investors, hedge funds and money managers – in seeking recoveries for investment losses emanating from corporate fraud by publicly traded companies.  *See* McCormick Decl., Ex. E.  KSF is currently lead or co-lead counsel in more than 15 federal securities fraud and shareholder derivative lawsuits around the country, including prominent cases such as *In re Virgin Mobile USA IPO Litigation*, 2:07-cv-05619-SDW-MCA, (D. N.J.) and *In re American International Group, Inc.* [AIG] 2007 Der. Litig., 07-CV-10464 (LTS) (S.D.N.Y.).

Accordingly, the Court should approve Kosaian's selection of co-counsel.

## IV. CONCLUSION

For all the foregoing reasons, Kosaian respectfully requests that the Court: (i) appoint him as Lead Plaintiff; and (ii) approve his selection of Robbins Geller and KSF as Co-Lead Counsel.

DATED:  April 1, 2011   ROBBINS GELLER RUDMAN
    & DOWD LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK


s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

- 8 -

616620_1

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3 | 619/231-7423 (fax) |
| 4 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 5 | DENNIS J. HERMAN<br>Post Montgomery Center |
| 6 | One Montgomery Street, Suite 1800<br>San Francisco, CA  94104 |
| 7 | Telephone:  415/288-4545<br>415/288-4534 (fax) |
| 8 | |
| 9 | KAHN SWICK & FOTI, LLC<br>KIM E. MILLER |
| 10 | 500 5th Avenue, Suite 1810<br>New York, NY  10110 |
| 11 | Telephone:  212/696-3730<br>504/455-1498 (fax) |
| 12 | KAHN SWICK & FOTI, LLC<br>LEWIS S. KAHN |
| 13 | 206 Covington Street<br>Madisonville, LA  70447 |
| 14 | Telephone:  504/455-1400<br>504/455-1498 (fax) |
| 15 | [Proposed] Co-Lead Counsel for Plaintiffs |

616620_1

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 1, 2011.

        s/ TRICIA L. McCORMICK
        TRICIA L. McCORMICK

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail:     triciam@rgrdlaw.com

616620_1