FILED
CLERK, U.S. DISTRICT COURT
MAR 21 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**NOTE CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re MANNKIND CORP. SECURITIES LITIGATION | **NOTE CHANGES MADE BY COURT**<br>CASE NO. 11-CV-00929-GAF (SSx)<br>STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER |
| This Document Relates To:<br>ALL ACTIONS | Action Filed: January 31, 2011<br>[Discovery Document: Referred to Magistrate Judge Susan H. Segal] |

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL

#### Recitals and Good Cause Statement

A. Lead Plaintiff Ki Yong Choi ("Plaintiff"), together with defendants MannKind Corporation ("MannKind"), Alfred E. Mann, Hakan S. Edstrom, Matthew J. Pfeffer and Peter C. Richardson (collectively "Defendants"), in the above captioned action titled and numbered *In re MannKind Corp. Securities Litigation*, Case No. 11-cv-00929-GAF (SSx) ("Litigation" or "Action"), contemplate that discovery of documents and other information in the Litigation may involve the production of information and materials the producing party may

reasonably believe in good faith to be protected from public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff alleges Defendants violated the federal securities laws, *inter alia*, by misrepresenting communications and agreements with the U.S. Food and Drug Administration ("FDA") regarding MannKind's new drug application for a drug/device combination product known as AFREZZA. The Parties therefore anticipate that discovery in this action may involve, *e.g.*, the disclosure of confidential research and development information regarding AFREZZA and/or the delivery devices for AFREZZA (MedTone and Dreamboat inhalers).

B. The Parties desire to enter into this stipulation to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials.

C. The Parties acknowledge that this stipulation (and if approved, Order) does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment.

D. The Parties further acknowledge that this stipulation (and if approved, Order) does not create entitlement to file confidential information under seal.

E. The Parties believe good cause exists for approving the stipulation because the stipulation seeks to protect against potential injury caused by the public dissemination of confidential documents and information. Defendants contend that if the sensitive commercial information identified *infra* in paragraph 1, subparts 1-6, were to be publicly known, Defendants would be harmed because the commercial value of such documents and information (which derive value from not being publicly known) would be destroyed. With respect to the items identified *infra* in paragraph 1, subpart 7, the Parties contend that such documents and information are protected from public disclosure by a person's right to privacy.

### Stipulation

NOW, THEREFORE, the Parties hereby stipulate and agree, through their undersigned counsel, to the following terms and conditions that they contemplate will govern the production of information that the producing party reasonably and in good faith deems to be confidential, and further stipulate, agree, and request that the Court enter a protective order consistent with the terms of this stipulation (hereafter "Protective Order" or "Order"):

1. **Scope.** This Protective Order shall apply to all documents and portions thereof, things, or any other form of evidence or information subject to discovery or that can be protected under Federal Rule of Civil Procedure 26(c) in the Action and shall apply to material produced by a Party to this action or a non-party ("Producing Party"), provided that such non-parties receive and agree to be bound by the terms of this Order, and that contain the Producing Party's trade secrets[1] or other confidential proprietary or commercial information ("Protected Material" or "Protected Materials"), including, without limitation, documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other Protected Materials that are provided to or received by a Party or non-party in the Action ("Receiving Party"), whether produced informally or in response to formal methods of discovery. The categories of Protected Material include: (1) confidential technological product development research and product information (including, but not limited to, the design of the MedTone and Dreamboat Inhalers and the composition and properties of AFREZZA); (2) confidential manufacturing research and development information (including,

---

[1] "Trade secret" as used herein refers to the statutory definition of the term. Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

-3-   STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 11-CV-08889-JHN (FFMX)

but not limited to, manufacturing protocols for the MedTone and Dreamboat Inhalers and the composition and properties of AFREZZA); (3) confidential presentations, marketing communications, or plans for presentations, advertisements and marketing communications; (4) confidential FDA submissions; (5) confidential communications with the FDA; (6) confidential business financial information (including, but not limited to, budgeting and accounting); and (7) confidential financial and other confidential personal information of natural persons.

2. **Obligations.** It shall be the duty of the Producing Party to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in Paragraphs 6-8 below. The duty of the Receiving Party or Parties and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Subject to the provisions of this Order, Protected Material shall be designated by the Producing Party with one of the following designations:

(a) "Confidential"; or

(b) "Highly Confidential."

The attorneys of record shall exercise all reasonable care to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Protected Material.

3. **Protected Materials as "Confidential."** Protected Materials that may be designated as "Confidential" include those Protected Materials that the Producing Party considers to be non-public and has taken reasonable steps to keep from public disclosure, or that the Producing Party is under a preexisting obligation or agreement to maintain as confidential. Protected Materials designated as "Confidential" may be disclosed only to those persons specified under Paragraph 12(a)-(j) for the purposes of the Action.

4. **Protected Materials as "Highly Confidential."** Protected Material may be designated as "Highly Confidential" if: (a) such material constitutes or contains, in whole or in part, information that the Producing Party reasonably believes will harm its competitive position if the information becomes known to a person other than the Producing Party; and (b) the Producing Party reasonably believes such material cannot be protected with the lesser designation of "Confidential." Protected Materials designated as "Highly Confidential" may be disclosed only to those persons specified under Paragraph 13(a)-(e).

5. **Good Faith Designations.** Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation. Further, each Party agrees to avoid unnecessary inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

6. **Designating Written Materials.** Each page of any material the Producing Party wishes to designate as Protected Material must be labeled with the legend "Confidential" or "Highly Confidential," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party. In the case of material contained in or on media other than paper (*e.g.*, things or native files), the Producing Party shall affix such a label to the production media, appropriately title the file name, or otherwise use its best efforts to identify the material as Protected Material.

7. **Designations During Inspections.** In the event the Producing Party elects to produce materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered "Highly Confidential," and must be treated as such pursuant to the terms of this Order. Thereafter, upon

selection of specified materials for copying by the inspecting Party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting Party, mark the copies of those materials that contain Protected Material with the appropriate confidentiality marking.

8. **Designating Deposition Testimony.** All testimony provided in a deposition and deposition exhibits will be treated as "Highly Confidential" for fourteen (14) days from the day the Producing Party received a deposition transcript from the court reporter that is final in all respects other than an errata and signature from the deponent. At the expiration of the 14-day period, the transcript and exhibits will no longer be treated as Protected Material unless: (a) at the deposition, counsel for the Producing Party identifies on the record certain portions of the deposition transcript and/or exhibits that contain Protected Material, or (b) counsel for the Producing Party provides written notice to counsel for the Receiving Party identifying the portions of the transcript and/or exhibits that contain Protected Material. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party. Deposition exhibits previously designated as containing Protected Material do not need to be re-designated to retain their protection under this Order. Notwithstanding the above, counsel for a Party may make a request at any time prior to the expiration of the 14-day period for permission to treat certain portions of the transcript as not containing Protected Material and that request shall not be unreasonably denied in cases where it is apparent that the designated portions do not contain material that warrants confidential treatment pursuant to the terms of this Order.

(a) Counsel for the Producing Party whose Protected Material is involved may also request that all persons, other than the witness and individuals who may have access to such Protected Material under the appropriate designation in Paragraph 2 of this Order, leave the deposition room during the confidential

portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel for the Producing Party to advise the witness that the witness need not answer the question.

      **(b)** Deposition transcripts containing Protected Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS [*insert appropriate designation under Paragraph 2 of this Order*] MATERIAL." Deponents may review their own transcript designated pursuant to Paragraph 2 of this Order to ensure that it is accurate and complete, but no deponent (other than individuals who may have access to the same material under this Order) may retain or copy any portion of the transcript of the deposition that contains the designated material without permission of the Producing Party.

      9. **Court Reporter and Videographer at Deposition.** Any court reporters or videographers who transcribe testimony in this Action at a deposition shall be made aware of this Protective Order and requested to treat all Protected Material as such and not disclose Protected Materials except as provided under this Order.

      10. **Inadvertent Failure to Designate.** The failure by a Producing Party to designate document(s) or material(s) as Protected Material(s) shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such document(s) or material(s). Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies and restore the confidentiality of the information that was inadvertently disclosed beyond those persons authorized to review such information pursuant to Paragraphs 12-13, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the proper designation. No person or Party shall incur any liability with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 11-CV-08889-JHN (FFMx)

**11.  Permissible Uses of Protected Material Generally.** Each Party and all other persons bound by the terms of this Protective Order shall use any material designated as Protected Material by a Producing Party other than itself only for the purpose of this Action (including any appeal), and not for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party or non-party other than itself, either directly or by providing a summary or paraphrasing of the Protected Material that discloses non-public information contained therein, except as provided for in this Protective Order or as further ordered by the Court. However, nothing herein shall affect the right of the Producing Party to disclose on a confidential basis to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such confidential disclosure shall not waive the protection of this Protective Order and shall not entitle other Parties, other persons bound by the terms of this Order, or their attorneys to disclose such information, documents, things, or information in violation of this Order. Further, nothing contained herein shall preclude a Producing Party from voluntarily waiving any provision in this Order with respect to any designated Protected Material without further order of the Court.

**12.  Permissible Disclosures of "Confidential" Material.** Only the following persons shall have access to or retain material designated as "Confidential" pursuant to Paragraphs 2 and 3 of this Protective Order:

(a) the Parties, including officers and employees to the extent reasonably necessary for purposes of the litigation;

(b) the Parties' respective counsel, including inside counsel and outside counsel of record and regular and temporary employees of such counsel to whom it is reasonably necessary that the Protected Material be shown for the purposes of this litigation, such as associates, summer associates, contract

attorneys, paralegals, clerks, secretaries, and document processing and reproduction;

  (c) outside copying, scanning, graphic production, or litigation support services used by the Parties or their counsel for purposes of the litigation, as well as outside computer service personnel performing duties relating to computerized litigation or document management systems;

  (d) consultants ("consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a Party or a Party, who is not a current employee of a Party) conditioned upon execution of the Confidentiality Undertaking attached hereto as Exhibit A;

  (e) the Court, including clerks and other Court personnel;

  (f) court reporters and employees or contractors of court reporting services involved in taking, transcribing, or videotaping testimony in this Action, provided that any such court reporting personnel agrees that all Protected Materials shall remain confidential and shall not be disclosed, except as provided under the terms of this Order;

  (g) the author(s) and recipient(s) of the Protected Materials as shown on the face of the document or other material;

  (h) witnesses at a deposition or any other pre-trial proceeding, or in preparation for a noticed deposition or other pre-trial proceeding subject to the following conditions: (1) the Party seeking to disclose Confidential Material to a witness shall provide at least fourteen (14) calendar days' notice to the Producing Party of its intent to do so and, if known, a sufficient description of the witness to allow the Producing Party to ascertain his or her occupation and professional background; (2) the Producing Party may contact the witness to request that he or she execute the Confidentiality Undertaking attached hereto as Exhibit B; (3) if the Producing Party objects to the disclosure, it shall meet and confer with the Party

seeking to disclose the Confidential Material of its objection at least seven (7) calendar days before the noticed date of the deposition or the date of the pre-trial proceeding, and if the Parties are unable to resolve their differences, the Producing Party shall promptly seek a protective order consistent with Rule 26 of the Federal Rules of Civil Procedure and this Court's local rules; (4) the Party seeking to disclose Confidential Material to a witness shall not do so before the expiration of the Producing Party's deadline to object; and (5) if the Producing Party objects and the Parties cannot resolve their dispute regarding the disclosure of Confidential Material to a witness, the Party seeking to disclose Confidential Material shall postpone the deposition, or in the case of a pretrial proceeding not oppose postponement of the same, until such time as the Parties resolve their dispute or the Court has the opportunity to consider the Producing Party's motion for a protective order in accordance with the procedures set forth in Civil Local Rule 37.

(i)  any other person to whom the Parties agree in writing or on the record at a deposition may be shown "Confidential" material; and

(j)  any other person only upon order of the Court upon a regularly noticed motion or upon written consent of the Producing Party.

13. **Permissible Disclosures of "Highly Confidential" Material.** Only the following persons shall have access to or retain material designated as "Highly Confidential" pursuant to Paragraphs 2 and 4 of this Protective Order:

(a)  persons listed in Paragraph 12(a) above subject to the following conditions: (1) the Receiving Party must provide to the Producing Party an attestation under oath in a signed declaration that he or she does not currently serve as an employee, independent contractor, advisor, or board member in the pharmaceutical or medical device industry in the field of diabetes treatment or inhaled drugs and will not do so for a period of twelve months after the close of this litigation; and (2) the Receiving Party may not view the "Highly Confidential" materials outside the direct supervision of counsel, keep a copy of the "Highly



-10- STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 11-CV-08889-JHN (FFMX)

1  ~~Confidential" materials or any notes concerning the contents of those materials, or~~
2  ~~use the "Highly Confidential" materials for any purpose other than in connection~~
3  ~~with the prosecution or defense of the lawsuit;~~   SKS
4       ~~(b)   persons listed in Paragraph 12 (b), (c), (d), (e), (f), and (g)~~
5  ~~above;~~
6       ~~(c)   persons listed in Paragraph 12(h) above subject to the conditions~~
7  ~~set forth therein;~~
8       ~~(d)   persons whom the Producing Party agrees in writing or on the~~
9  ~~record at a deposition may be shown "Highly Confidential" material; and~~
10      ~~(e)   any other person only upon order of the Court upon a regularly~~
11 ~~noticed motion or upon written consent of the Producing Party.~~

12      14.   **Third-Party Discovery.**  Third-party discovery in this proceeding
13 may involve disclosure of Protected Material, which if designated in conformity
14 with the provisions of this Order, shall be subject to the provisions herein and
15 provide the non-party with all of the rights and obligations set forth herein.

16      15.   **Client Consultation.**  Nothing in this Protective Order shall prevent or
17 otherwise restrict counsel from rendering advice to their clients in this Action and,
18 in the course thereof, relying generally on examination of designated Protected
19 Materials; provided, however, that in rendering such advice and otherwise
20 communicating with such client, counsel shall not disclose the specific contents of
21 Protected Materials to persons not authorized to receive such material pursuant to
22 the Protective Order.

23      16.   **Motion to Disclose Protected Material.**  In the event that a Party
24 desires to provide access to specific material designated as either "Confidential" or
25 "Highly Confidential" hereunder to any person or category of persons not included
26 in Paragraphs 12 and 13 hereof, that Party shall identify the specific material at
27 issue, meet and confer with the other Party about the same, and, if necessary, move
28 this Court for an order that such person or category of persons may be given access

(pursuant to L.R. 37)  SKS

-11-      STIPULATED [PROPOSED] PROTECTIVE ORDER
         CASE NO. 11-CV-08889-JHN (FFMX)

to such documents. In the event that the motion is granted, such person or category of persons may have access to such documents on whatever conditions or terms the Court shall require.

17. **De-designation of Protected Material.** The Parties agree to work together in good faith to resolve disputes over whether material designated as either "Confidential" or "Highly Confidential" are within the scope of materials to be protected from disclosure by this Protective Order. For purposes of the Action or any other action, no Party concedes that any Protected Material designated by any other person does in fact contain or reflect trade secrets or other confidential proprietary or commercial information. A Party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge. If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

(a) The Receiving Party seeking such removal shall give counsel of record for the Producing Party notice thereof by email and fax or overnight mail, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The Producing Party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing, shall provide a full description as to why the Producing Party reasonably believes that the subject material was properly designated, and shall be served by email and fax or overnight mail. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

(b) If an agreement cannot be reached concerning the matter, the dispute shall be resolved in accordance with Local Civil Rule 37. The designated

-12- STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 11-CV-08889-JHN (FFMX)

material shall continue to be treated in accordance with the original designation until the issue is resolved by this Court or by agreement of the Parties or the Party and non-party. In addition to service on the opposing Party, a copy of any such motion shall be served on any non-party who has produced the materials at issue and such non-party shall have standing to oppose such motion before the Court. The Party asserting that challenged material is "Confidential" or "Highly Confidential" shall have the burden of establishing that the material qualifies for that designation.

18. **Filing Protected Material Under Seal.** The parties must comply with Local Rule 79-5 for filing "Confidential" or "Highly Confidential" information with the Court in any pre-trial proceeding in this action. If a Party files or seeks to file with the Court papers containing or disclosing Protected Material, the filing Party shall simultaneously file an application to seal the filing pursuant to Local Rule 79-5 and any other applicable rules and orders. The application shall be made to the judge to whom the filed papers are directed, and shall reference this Order and this paragraph thereof. Within fourteen (14) calendar days after service of this application to seal (or within such other time as may be ordered by the Court), the Designating Party must either: (a) inform the filing Party that it does not object to the filing of the information in the public record, at which point the filing Party must withdraw the application; or (b) file papers in support of the application setting forth the factual and legal basis for the request to seal the records. The Designating Party bears the burden of proving that the materials meet the standards for sealing the records. The filing party shall only seek to file under seal the portion of such material that is "Confidential" or "Highly Confidential." Where the portions of a filing that do not contain Protected Material can be reasonably separated from the portions containing Protected Material, the filing Party must also file a redacted version of the filing and supporting papers that shall be available to the public.

19. **Court Hearings And Other Proceedings.** Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any "Confidential" or "Highly Confidential" Protected Material. However, before doing so, the Party intending to use "Confidential" or "Highly Confidential" Protected Material shall so inform the Court and the Producing Party. Either the Receiving or Producing Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive "Confidential" or "Highly Confidential" Protected Material pursuant to paragraphs 12 and 13.

20. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of any designated Protected Material that a Party has obtained in this Action under the terms of this Protective Order, such Party shall promptly notify the Producing Entity or other person who designated the documents as such of the pendency of such subpoena or order within five (5) calendar days of receiving said subpoena or order. If the Producing Party or designating party elects to resist production of the materials, it shall promptly notify the subpoenaed Party and the latter shall cooperate in affording the Producing Party or designating party the opportunity to oppose or limit production of the materials. Nothing in this Order restricts or limits a Party's ability to comply with a lawful subpoena or order of a court or administrative agency; nor does this Order relieve a Party of its obligation to comply with such a subpoena or order.

21. **Modification and Non-Waiver.** Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Order (either by motion or agreement of the Parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information

or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

**22.  Inadvertently Disclosed Privileged Information.** In accordance with Federal Rule of Evidence 502(d), this Order governs the inadvertent production of information or documents subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity, where production or disclosure would be inconsistent with preservation of such privilege or immunity.

(a)     In accordance with Federal Rule of Evidence 502(b), if a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Privileged Information"), the Producing Party took reasonable steps to prevent disclosure, and it promptly took reasonable steps to rectify the error, such disclosure will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter.

(b)     In accordance with Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B), if a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Privileged Information, the Receiving Party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed. Such return or destruction shall not constitute an agreement that any privilege or protection has been maintained, or relieve the Party asserting privilege or protection from its burden of establishing that the material in question is in fact privileged or protected.

23. **Use of Protected Material at Trial.** This Protective Order governs the confidentiality of designated Protected Material before trial. Nothing contained in this Order shall restrict or limit any Party's right to present designated Protected Material to the jury or the Court during a trial in this Action. Confidentiality concerns at trial must be separately raised with the Court at the appropriate time. As noted in Judge Gary A. Feess' "Standing Order re Protective Orders and Treatment of Confidential Information," in the event that the Action proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

24. **Publicly Available Material.** The restrictions set forth in this Protective Order shall not apply to documents, things, or information that (a) have become public knowledge in a manner *other than* through a violation of this Order; or (b) have been independently obtained by the non-designating Party, as evidenced by written documentation.

25. **Non-Termination.** The provisions of this Protective Order shall not terminate at the conclusion of this Action.

(a) Except for materials covered by this Protective Order that have been filed or otherwise are in the Court's possession, within thirty (30) calendar days after final conclusion of all aspects of this Action (including any appeal), unless otherwise agreed to in writing by counsel for the Producing Party, material designated as "Confidential" or "~~Highly Confidential~~" and all copies of same shall be returned to the Producing Party or person that designated such documents or shall be destroyed from all reasonably accessible locations. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than forty-five (45) calendar days after final termination of this Action (including any appeal).

    **(b)** Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney, expert, and consultant work product, even if such materials contain Protected Material. Further, the Parties' counsel are not required to delete information that may reside on their firm's electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

    **26. Remedies.** The provisions of this Protective Order provide the Court with jurisdiction to enforce its terms. Each person to whom disclosure of Protected Material is made agrees to subject himself or herself to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order. In the event anyone shall violate, or threaten to violate, any term of this Order, the Parties hereto agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, the Parties agree that legal remedies alone are inadequate. Therefore, the Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Materials in violation of this Protective Order. The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

    **27. Notice.** Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their addresses of record, unless this provision is modified by the Parties in writing.

-17-  STIPULATED [PROPOSED] PROTECTIVE ORDER  
CASE NO. 11-CV-08889-JHN (FFMx)

| | | |
|---|---|---|
| 1 | Dated: ~~February~~ March 15, 2012 | COOLEY LLP |
| 2 | | |
| 3 | | By: _/s/ Meghan O'Ryan Spieker_ |
| 4 | | Meghan O'Ryan Spieker (197239) |
| 5 | | Attorneys for Defendants MANNKIND CORP., ALFRED E. MANN, HAKAN S. EDSTROM, MATTHEW J. PFEFFER |
| 6 | | AND PETER C. RICHARDSON |
| 7 | Dated: ~~February~~ MARCH 15, 2012 | GLANCY BINKOW & GOLDBERG LLP |
| 8 | | |
| 9 | | By: _/s/ Lionel Z. Glancy_ |
| 10 | | Lionel Z. Glancy (134180) |

POMERANTZ HAUDEK GROSSMAN & GROSS LLP

By: _/s/ Joshua B. Silverman_

Joshua B. Silverman

Attorneys for Lead Plaintiff
KI YONG CHOI

* * * *

### ORDER

Having considered the parties' foregoing Stipulation and for good cause shown, IT IS ORDERED that the Stipulated Protective Order shall become the order of this Court.

Dated: 3/21/12

_/s/ Susan H. Segal_
Honorable Susan H. Segal
MAGISTRATE JUDGE

# EXHIBIT A - CONFIDENTIALITY UNDERTAKING

1. I, _____, reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation entitled *In re MannKind Corp. Sec. Litig.*, Case No. 11-cv-00929-GAF (SSx) (the "Action").

5. I am fully familiar with the Protective Order and agree to be bound by its terms. I understand that I must retain all copies of any documents or information designated as "Confidential" or "Highly Confidential" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "Confidential" or "Highly Confidential" information are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Action, any information obtained pursuant to the Protective Order. I also agree to notify any stenographic, clerical, or support personnel who are required to assist me of the terms of the Protective Order.

7. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____   Signature: _____

# EXHIBIT B - CONFIDENTIALITY UNDERTAKING

1. I, _____, reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I am prepared to testify as a witness in the action entitled *In re MannKind Corp. Sec. Litig.*, Case No. 11-cv-00929-GAF (SSx) (the "Action").

5. I am fully familiar with the Protective Order and agree to be bound by its terms. I understand that I may not view any documents or information designated as "Confidential" or "Highly Confidential" outside the direct supervision of counsel, keep a copy of "Confidential" or "Highly Confidential" materials or any notes concerning the contents of those materials, use "Confidential" or "Highly Confidential" materials for any purpose other than in connection with the prosecution or defense of the lawsuit, or divulge the contents of "Confidential" or "Highly Confidential" materials to persons other than those specifically authorized by this Protective Order.

6. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____       Signature: _____

738133 v9/SD