LIONEL Z. GLANCY (#134180)
ROBIN BRONZAFT HOWALD (#110280)
COBY M. TURNER (#266298)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:        info@glancylaw.com

PATRICK V. DAHLSTROM (*pro hac vice*)
JOSHUA B. SILVERMAN (*pro hac vice*)
POMERANTZ GROSSMAN HUFFORD
    DAHLSTROM & GROSS LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:   (312) 377-1181
Facsimile:   (312) 377-1184
Email:         pdahlstrom@pomlaw.com

*Co-Lead Counsel for Plaintiffs*
[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MANNKIND CORP. SECURITIES LITIGATION | Case No. 11-cv-00929-GAF (SSx) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES** Date:  September 10, 2012 Time:  9:30 a.m. Place:  Courtroom 740 |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   OVERVIEW OF THE LITIGATION .......................................................... 4

III.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
      APPROVAL .............................................................................................. 6

      A.    The Standards for Preliminary Approval ............................................. 6

      B.    The Proposed Settlement Is Fair, Reasonable and Adequate .............. 8

            1.    The Proposed Settlement Was Negotiated by Informed,
                  Experienced Counsel Who Were Aware of the Risks of the
                  Litigation .................................................................................... 8

            2.    The Proposed Settlement Resulted from Arm's-Length
                  Negotiations and Is Presumed to Be Fair to the Class ............ 10

            3.    The Plan of Allocation Is Also Reasonable ............................. 12

      C.    The Proposed Forms and Method of Providing Notice to the Class Are
            Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA, and Due
            Process .............................................................................................. 13

IV.   THE COURT SHOULD PRELIMINARILY CERTIFY THE
      SETTLEMENT CLASS .............................................................................. 17

      A.    The Settlement Class Is Sufficiently Numerous to Warrant
            Certification ...................................................................................... 19

      B.    There Are Substantial Common Questions of Law and Fact ............. 19

      C.    Lead Plaintiff's Claims Are Typical of Other Settlement Class
            Members ............................................................................................ 20

      D.    Lead Plaintiff and Co-Lead Counsel Have Adequately Represented
            the Settlement Class .......................................................................... 21

      E.    The Predominance and Superiority Requirements Are Satisfied ....... 21

1

**TABLE OF CONTENTS**
(continued)

2

3

4

V.      PROPOSED SETTLEMENT SCHEDULE.....................................................22

VI.    CONCLUSION ............................................................................................24

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Acosta v. Trans Union, LLC,*
    243 F.R.D. 377 (C.D. Cal. 2007) ................................................................7

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ..................................................................... 18, 21

*Basic Inc. v. Levinson,*
    485 U.S. 224 (1988) ........................................................................22

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975)..............................................................18

*Churchill Village, L.L.C. v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ............................................................14

*Conn. Ret. Plans & Trust Funds v. Amgen, Inc.,*
    No. CV-07-2536 PSG (PLAx),
    2009 WL 2633743 (C.D. Cal. Aug. 12, 2009).............................................22

*Diamond Chem. Co. v. Akzo Nobel Chems. B.V.,*
    205 F.R.D. 33 (D.D.C. 2001) .............................................................16

*Gerardo v. Quong Hop & Co.,*
    No. C 08-3953 JF (PVT),
    2009 WL 1974483 (N.D. Cal. Jul. 7, 2009).............................................11

*Gordon v. Hunt,*
    117 F.R.D. 58 (S.D.N.Y. 1987) .........................................................16

*Gribble v. Cool Transports Inc.,*
    No. CV 06-04863 GAF (SHx),
    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) ...........................................11

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998)........................................................17, 19

*Huberman v. Tag It Pacific Inc.*,
        314 Fed. App'x 59 (9th Cir. 2009) ...............................................22

*In re Am. Bank Note Holographics, Inc. Sec. Litig.*,
        127 F. Supp. 2d 418 (S.D.N.Y. 2001) ..........................................12

*In re Am. Honda Motor Co., Oil Filter Prods. Liab. Litig.*
        MDL No. 06-1737-CAS-PLAx,
        2009 WL 1204495 (C.D. Cal. Apr. 17, 2009) ..............................16

*In re Excess Value Ins. Coverage Litig.*,
        No. M-21-84RMB, MDL-1339,
        2004 WL 1724980 (S.D.N.Y. July 30, 2004) ..............................10

*In re M.L. Stern Overtime Litig.*,
        No. 07-CV-0018-BTM (JMA),
        2009 WL 995864 (S.D. Cal. Apr. 13, 2009)................................6, 7

*In re Mego Fin. Corp. Sec. Litig.*,
        213 F.3d 454 (9th Cir. 2000)..........................................................11

*In re Portal Software, Inc. Sec. Litig.*,
        No. C-03-5138 VRW,
        2007 WL 1991529 (N.D. Cal. June 30, 2007) ...................10, 11, 13

*In re Syncor ERISA Litig.*,
        516 F.3d 1095 (9th Cir. 2008)........................................................6

*In re THQ, Inc., Sec. Litig.*,
        No. CV 00-1783AHM(EX),
        2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ..............................18

*Jaffe v. Morgan Stanley & Co., No. C* ,
        06 3903 TEH, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008)....................17, 19

*Louie v. Kaiser Found. Health Plan, Inc.*,
        No. 08cv0795 IEG RBB,
        2008 WL 4473183 (S.D. Cal. Oct. 6, 2008) ................................11

*McKenzie v. Fed. Express Corp.*,
        275 F.R.D. 290 (C.D. Cal. 2011) ..................................................19

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................6, 11

*Officers for Justice v. Civil Serv. Comm*,
    688 F.2d 615 (9th Cir. 1982)................................................................6

*Petrovic v. AMOCO Oil Co.*,
    200 F.3d 1140 (8th Cir. 1999)................................................................16

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,
    323 F. Supp. 364 (E.D. Pa. 1970) ................................................................8

*Schneider v. Traweek*,
    No. CV 88 0905 RG (KX),
    1990 WL 132716 (C.D. Cal. July 31, 1990) ................................................................18

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)................................................................19

*Stratton v. Glacier Ins. Adm'rs, Inc.*,
    No. 1:02-CV-06213 OWW DLB,
    2007 WL 274423 (E.D. Cal. Jan. 29, 2007)................................................................13

*True v. Am. Honda Motor Co.*,
    No. EDCV 07-287-VAP (OPx),
    2009 WL 838284 (C.D. Cal. Mar. 25, 2009) ................................................................7

*Util. Reform Project v. Bonneville Power Admin.*,
    869 F.2d 437 (9th Cir. 1989)................................................................6

*Welling v. Alexy*,
    155 F.R.D. 654 (N.D. Cal. 1994) ................................................................18

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983)................................................................10

*Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc.*,
    439 F.3d 165 (2d Cir. 2006)................................................................16

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010)................................................................18, 19

*Yamner v. Boich,*
> No. C-92 20597 RPA,1994 WL 514035 (N.D. Cal. Sept. 15, 1994)............18

**STATUTES**

15 U.S.C. §78u-4(a)(4) ....................................................................................12
15 U.S.C. §78u-4(a)(7) ....................................................................................15
15 U.S.C. §78u-4(a)(7)(A) ..............................................................................15
15 U.S.C. §78u-4(a)(7)(B) ..............................................................................15
15 U.S.C. §78u-4(a)(7)(C) ..............................................................................15
15 U.S.C. §78u-4(a)(7)(D) ..............................................................................15
15 U.S.C. §78u-4(a)(7)(E) ..............................................................................15

Federal Rules of Civil Procedure
> 23 .............................................................................................13, 14, 18
> 23(a) ...................................................................................................18, 22
> 23(a)(1) .....................................................................................................19
> 23(a)(4) .....................................................................................................21
> 23(b) ...................................................................................................18, 22
> 23(b)(3) ...............................................................................................21, 22
> 23(b)(3)(D) ...............................................................................................17
> 23(c)(2) .....................................................................................................13
> 23(c)(2)(B) ...............................................................................................16
> 23(c)(3) .....................................................................................................13
> 23(e) .....................................................................................................6, 13

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004)
> §13.14 ..........................................................................................................6
> §21.312 ......................................................................................................17
> §21.632 ........................................................................................................7
> §21.633 ......................................................................................................16

4 Herbert Newberg & Alba Conte,
> *Newberg on Class Actions* §11:25 (4th ed. 2002) .........................................7

5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE,
> ¶ 23.83 [1] (3d ed. 2001) ...............................................................................7

## I.   PRELIMINARY STATEMENT

The Parties[1] have reached a proposed settlement of this securities class action (the "Proposed Settlement") in which Defendants and/or their insurers, for the benefit of the Class, will deposit into escrow cash in the amount of sixteen million dollars ($16,000,000) within fifteen (15) business days following entry of the Order Preliminarily Approving Settlement of Class Action and Establishing Notice Procedures (the "Preliminary Approval Order"), attached to the Stipulation of Settlement dated July 23, 2012 (the "Stipulation") as Exhibit A; and MannKind Corporation ("MannKind" or the "Company") shall transfer 2,777,779 shares of common stock into escrow within five (5) business days of entry of an order of Final Judgment.[2]   A copy of the Stipulation, which was extensively negotiated among the Parties, is being filed simultaneously herewith, and is attached hereto as Exhibit 1.

Lead Plaintiff Ki Yong Choi ("Lead Plaintiff") respectfully submits this Memorandum in support of the entry, to which Defendants consent,[3] of the accompanying Preliminary Approval Order, which provides for:

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as set forth in the Stipulation.

[2] As of close of business on July 31, 2012, the total Proposed Settlement is valued at over $22,000,000 (including the common stock and cash components). Furthermore, the Parties have agreed that if the consolidated closing bid price for MannKind's common stock as reported by The NASDAQ Global Market is below $1.00 per share on the date the Court enters an order of Final Judgment, then within five (5) days of the entry of such order, MannKind shall transfer an additional 1,000,000 (one million) shares of its common stock into escrow as part of the Settlement, in order to provide a measure of downside protection to the Class in the event MannKind's common stock price decreases.

[3] Because Defendants consent to the relief requested in this Motion, unless the Court requests further briefing, the Motion is now fully submitted for the Court's review.

1    1.    Preliminary approval of the Proposed Settlement;

2    2.    Provisionally certifying a Settlement Class;

3    3.    Approval of the form and method for giving notice, as provided in the Stipulation, which describes, *inter alia*, the pendency of this action, the terms of the Proposed Settlement, Settlement Class Members' rights with respect thereto, the proposed release of claims, the proposed Plan of Allocation of the Settlement proceeds, the request for an award of attorneys' fees and expenses, and the procedures for submitting Proofs of Claim; and

4.    Setting the date for a hearing (the "Settlement Hearing") to consider (i) whether the Proposed Settlement provided for in the Stipulation is fair, reasonable and adequate to the Class and should be finally approved by the Court and implemented; (ii) fully certifying a Settlement Class; and (iii) Lead Plaintiff's counsel's application for an award of attorneys' fees and expenses.

The Proposed Settlement is an excellent result for this Action.  The Proposed Settlement was reached after over a year of litigation, which included the comprehensive investigation by counsel comprised of, among other things, a review of MannKind's public filings with the United States Securities and Exchange Commission ("SEC"), press releases issued by the Company, public conference calls, media, analyst and news reports about the Company, and other publicly available data, including, but not limited to, publicly available trading data relating to the price and trading volume of MannKind's publicly traded securities. In addition, Co-Lead Counsel reviewed numerous documents produced by the Company, took the deposition of a key witness in the Action, and consulted with experts on the Food and Drug Administration's ("FDA") testing and new drug application process, on damages analysis, and on market efficiency.  Moreover, the Action included the drafting of the Initial Complaint (Dkt. No. 1), a Consolidated

Amended Class Action Complaint (Dkt. No. 54),[4] researching and drafting oppositions to Defendants' motion to dismiss, motion to strike, and the associated request for judicial notice (Dkt. Nos. 63-66), and researching and drafting an opposition to Defendants' motion to certify for interlocutory appeal and to stay, or in the alternative, to reconsider the ruling on the motion to dismiss (Dkt. Nos. 83-84).

Following several months of active motion practice and in an effort to resolve this Action, the Parties decided to engage the Honorable Layn R. Phillips (Ret.) as a mediator. The Parties extensively briefed opening and reply statements in anticipation of the mediation before Judge Phillips. The Proposed Settlement was the result of arm's-length negotiations conducted by experienced counsel over the span of several weeks, with the assistance of an experienced mediator, and represents a substantial recovery of the Class's estimated damages. Lead Plaintiff submits that, while he believes the merits of the case are strong, the Proposed Settlement is not only well within the range of reasonableness, it is an excellent result and is in the best interests of the Class in light of: (a) Defendants' potential defenses; (b) the maximum amount of potentially recoverable damages; (c) questions related to loss causation and the calculation of damages; (d) the current financial situation of the Company; (e) the risks of prosecuting this Action through trial; and (f) the very significant recovery achieved. The Proposed Settlement warrants preliminary approval by this Court so that notice of the Proposed Settlement can be distributed to members of the Class and a Settlement Hearing can be scheduled to consider final approval of the Proposed Settlement.

---

[4] Plaintiffs filed a Corrected Class Action Complaint (the "Complaint") on June 28, 2011, which is the operative complaint in this Action. *See* Dkt. No. 56.

## II.      OVERVIEW OF THE LITIGATION

This Action was filed as a class action on behalf of purchasers of MannKind common stock between May 4, 2010, and February 11, 2011, inclusive (the "Settlement Class Period").  Dkt. No. 54.  By Order dated April 27, 2011, this Court appointed Ki Yong Choi as Lead Plaintiff, approved Lead Plaintiff's choice of Glancy Binkow & Goldberg LLP and Pomerantz Haudek Grossman & Gross LLP[5] as Co-Lead Counsel, and ordered that Lead Plaintiff file a consolidated class action complaint within sixty days.  Dkt. No. 44.  On June 27, 2011, Lead Plaintiff filed the Consolidated Amended Class Action Complaint, on behalf of purchasers of MannKind common stock between May 4, 2010, and February 11, 2011, inclusive (the "Class"), against MannKind, Alfred E. Mann, Hakan S. Edstrom, Matthew J. Pfeffer, and Peter C. Richardson (collectively, "Defendants").  Dkt. No. 54.  The Complaint sought an unspecified amount of damages and asserted claims under Sections 10(b) and 20(a) of the Exchange Act of 1934 related to MannKind's statements during the Class Period regarding communications with the FDA about AFREZZA, an inhaled insulin combination drug product.

Thereafter, the Parties engaged in motion practice for several months related to Defendants' motion to dismiss the Complaint and strike materials submitted therewith.  After the denial of the motion to dismiss, and the denial of Defendants' motion for interlocutory appeal (or to reconsider), the Parties discussed the possibility of mediation to facilitate resolution of the case, and agreed to engage the Honorable Layn R. Phillips (Ret.) as a mediator.  In advance of the scheduled mediation session, the Parties extensively briefed opening and reply statements about their respective claims and defenses.

---

[5] Now known as "Pomerantz Grossman Hufford Dahlstrom & Gross LLP."

On April 30, 2012, the Settling Parties attended a full day mediation session under the direction of Judge Phillips at his offices in Irvine, California. The Settling Parties were unable to reach a settlement at the April 30, 2012, mediation but continued to engage in settlement discussions thereafter. The Parties, in conjunction with the assistance of Judge Phillips, continued to negotiate acceptable terms of a potential settlement, and ultimately reached an agreement on the material terms of the Proposed Settlement on May 17, 2012. Pursuant to a stipulation of the Parties, on May 25, 2012, this Court entered an Order staying the Action while the Parties formalized the Proposed Settlement and completed necessary due diligence, and ordered Plaintiff to file the instant motion for preliminary approval (or otherwise update the Court as to its status) by August 10, 2012. Dkt. No. 96.

Lead Plaintiff believes that the claims asserted in the Action are strong and that through discovery, additional evidence would be discovered to further support the claims. Nevertheless, Lead Plaintiff recognizes and acknowledges the inherent problems of proof under, and possible defenses to, the securities law violations asserted in this Action, especially with respect to proof of Defendants' state of mind or scienter, loss causation, the maximum amount of potentially recoverable damages to the Class had Lead Plaintiff prevailed at trial, specific complex issues here dealing with experts on FDA regulatory process and procedure, as well as the expense and length of continued proceedings necessary to prosecute the Action against MannKind through trial and appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in such litigation. Thus, Lead Plaintiff believes that the Proposed Settlement, which recovers more than 11% of the Class's estimated *maximum* damages, is excellent and is in the best interests of the Class.

As set forth in the Stipulation, the Defendants have denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the claims alleged in the Complaint.   Nonetheless, Defendants have concluded that further conduct of the Action would be uncertain, protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.   Defendants also have taken into account risks inherent in any litigation, especially in complex cases like this litigation.

## III.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions.  *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution").

### A.   The Standards for Preliminary Approval

Fed. R. Civ. P. 23(e) requires court approval for any settlement of a class action.  Such approval involves a two-step process where the court first determines whether a proposed settlement deserves preliminary approval, and then, after notice is given to class members, whether final approval is warranted.  *In re M.L. Stern Overtime Litig.*, No. 07-CV-0018-BTM (JMA), 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); MANUAL FOR COMPLEX LITIGATION ("MCL") §13.14, at 173 (4th ed. 2004).  By this motion, Lead Plaintiff requests that the

1   Court take the first step in the approval process – preliminary approval of the

2   Proposed Settlement.

3           In determining whether preliminary approval is warranted, the central issue

4   before the Court is whether the Proposed Settlement is within the range of what

5   might be found fair, reasonable and adequate, so that notice of the Proposed

6   Settlement should be given to Class Members, and a hearing scheduled to consider

7   final Settlement approval.  *See* MCL §21.632, at 321 (4th ed. 2004); 4 Herbert

8   Newberg & Alba Conte, *Newberg on Class Actions* §11:25 (4th ed. 2002); *In re*

9   *M.L. Stern*, 2009 WL 995864, at *3; *True v. Am. Honda Motor Co.*, No. EDCV 07-

10  287-VAP (OPx), 2009 WL 838284, at *3 (C.D. Cal. Mar. 25, 2009).

11          Preliminary approval does not require the Court to make a final

12  determination that the Proposed Settlement is fair, reasonable and adequate.

13  Rather, that decision is made only at the final approval stage, after notice of the

14  Proposed Settlement has been given to the Settlement Class Members and they

15  have had an opportunity to voice their views of the Proposed Settlement or to

16  exclude themselves from the Settlement.  *See* 5 JAMES WM. MOORE, MOORE'S

17  FEDERAL PRACTICE ¶ 23.83 [1], at 23-336.2 - 23-339 (3d ed. 2001).   In

18  considering a potential settlement, the Court need not reach any ultimate

19  conclusions on the issues of fact and law which underlie the merits of the dispute,

20  and need not engage in a trial on the merits.  *See Acosta v. Trans Union, LLC*, 243

21  F.R.D. 377, 386 (C.D. Cal. 2007) ("To determine whether preliminary approval is

22  appropriate, the settlement need only be *potentially* fair, as the Court will make a

23  final determination of its adequacy at the hearing on Final Approval, after such

24  time as any party has had a chance to object and/or opt out.") (emphasis in

25  original).   Preliminary approval is merely the prerequisite to giving notice so that

26  "the proposed settlement . . . may be submitted to members of the prospective class

27

for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

The Proposed Settlement meets the criteria for preliminary approval and is well within the range of what might be approved as fair, reasonable and adequate. Lead Plaintiff, with Defendants' consent, respectfully requests that this Court enter the proposed Preliminary Approval Order.

### B.    The Proposed Settlement Is Fair, Reasonable and Adequate

#### 1.    The Proposed Settlement Was Negotiated by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation

The Proposed Settlement of a total value of over $22 million (*see* n.2, *supra*) constitutes almost 14% of Plaintiffs' maximum estimated damages of $157.8 million, and is therefore well within the range of fairness.  Counsel for Lead Plaintiff and Defendants have extensive experience in securities litigation, and reached the Proposed Settlement only after arm's-length negotiations, and substantial mediation before an experienced neutral mediator, the Hon. Layn R. Phillips (Ret.).

Lead Plaintiff and his counsel believe that they have conducted a thorough investigation of the claims asserted in the Action.  Lead Plaintiff's counsel has, among other things, conducted a review of MannKind's public filings with the SEC, press releases issued by the Company, public conference calls, media, analyst and news reports about the Company, and other publicly available data, including trading data relating to the price and trading volume of MannKind's publicly traded securities.  In addition, Co-Lead Counsel reviewed numerous documents produced by the Company, took the deposition of the key witness in the Action, and consulted with experts on the FDA testing and new drug application process, on damages analysis, and on market efficiency.  The Parties also exchanged

confidential mediation briefs in the context of the mediation.  Thus, the Proposed Settlement was entered into only after Lead Plaintiff and his counsel conducted a thorough analysis of the legal and factual issues and the risks associated with continued litigation.

Co-Lead Counsel, who have a great deal of experience in litigating and resolving complex securities class actions, have carefully evaluated the merits of this case and the Proposed Settlement.  Because this Action is subject to the provisions of the PSLRA, 15 U.S.C. §78u-4, which makes it more difficult for investors to bring and successfully conclude securities class actions, Lead Plaintiff faced not only the general risks of any litigation, but also the risks that Lead Plaintiff's claims might not ultimately survive Defendants' opposition to class certification or summary judgment attacks regarding, *inter alia*, loss causation, scienter, liability, or damages.

Beyond the inherent risks of any litigation, Defendants also assert various defenses.  While Lead Plaintiff believes he would ultimately prevail over such defenses, he recognizes that the difficulty of establishing liability at trial is significant.  Thus, the Proposed Settlement eliminates the risk that Lead Plaintiff and the Class could receive no recovery.  Even if the Complaint survived Defendants' eventual motion for summary judgment, continued prosecution of the action would be complex, expensive, and lengthy, with a more favorable outcome highly uncertain.  The Proposed Settlement represents an excellent resolution given the substantial risks of expense and delay of continued litigation and the maximum potential recovery the Class could have achieved had it ultimately prevailed, versus the certain and immediate recovery for the Class.

In sum, Lead Plaintiff was armed with extensive information about the underlying facts and the strengths and weaknesses of the case and the current financial position of MannKind, so as to reasonably assess the potential value of

the case and make an intelligent appraisal of the Proposed Settlement.   Lead Plaintiff was able to evaluate the potential risks, benefits, and delays of trying the case and dealing with inevitable appeals, and to weigh those considerations against the benefits of the Proposed Settlement, with its significant cash payment and the Company's common stock contribution.   Consequently, Lead Plaintiff's counsel was able to negotiate the Proposed Settlement and to achieve a recovery of $16 million in cash (plus interest which will accrue once the Settlement Fund is put into escrow) and no less than 2,777,779 shares of MannKind common stock, representing a significant percentage of the Class's estimated likely damages.

### 2.   The Proposed Settlement Resulted from Arm's-Length Negotiations and Is Presumed to Be Fair to the Class

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations.  *See In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *5 (N.D. Cal. June 30, 2007); *see also Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, MDL-1339, 2004 WL 1724980, at *10 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness'") (citation omitted).

Without question, the Proposed Settlement is the product of arm's-length negotiations, with the assistance of an experienced mediator, Hon. Layn R. Phillips.  The Proposed Settlement was reached only after extensive investigation and consultation with several experts on the FDA approval process, market efficiency, and damages.

1    Based on their familiarity with the factual and legal issues, the Parties were

2    able to negotiate the Proposed Settlement, taking into account the costs and risks of

3    continued litigation.  There was no collusion among the Parties.[6]  *See*, *e.g.*, *In re*

4    *Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  The negotiations

5    were at all times adversarial and at arm's-length, went over a period of more than

6    two weeks with the assistance of an experienced mediator, and produced a result

7    that the Parties believe to be in their respective best interests.  Counsel for both

8    sides have extensive experience in securities class action litigation and are

9    thoroughly familiar with the factual and legal issues involved.  The opinion of

10   experienced counsel, as here, supporting the Proposed Settlement is entitled to

11   considerable weight.  *See Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF

12   (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("Great weight is

13   accorded to the recommendation of counsel, who are most closely acquainted with

14   the facts of the underlying litigation.") (quoting *Nat'l Rural Telecomms.*, 221

15   F.R.D. at 528); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL

16   No. 901, 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992) (finding belief of

17   counsel that the proposed settlement represented the most beneficial result for the

18   class to be a compelling factor in approving settlement).[7]

19

20   _____

21   [6]  Nor is there any preferential treatment of Lead Plaintiff or any other Class
     Member.  *See Louie v. Kaiser Found. Health Plan, Inc.*, No. 08cv0795 IEG RBB,

22   2008 WL 4473183, at *6-*7 (S.D. Cal. Oct. 6, 2008).  The proposed Plan of
     Allocation provides formulas for calculating the recognized claim of each

23   Settlement Class Member, based on each such person's purchases and sales of

24   MannKind common stock on the open market during the Class Period.

25   [7]  *See also Gerardo v. Quong Hop & Co.*, No. C 08-3953 JF (PVT), 2009 WL
     1974483, at *3 (N.D. Cal. Jul. 7, 2009) (fact that proponents of settlement are

26   experienced in this type of litigation supports preliminarily approving a proposed

27   class action settlement); *In re Portal Software*, 2007 WL 1991529, at *6
     (preliminary approval was warranted where experienced counsel who understood

### 3.     The Plan of Allocation Is Also Reasonable

The Plan of Allocation for distributing the proceeds of the Net Settlement Fund (after the payment of attorneys' fees and expenses, costs of administration, taxes, any payment under 15 U.S.C. §78u-4(a)(4), and any other court-approved payments) is described at length in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Mailed Notice"), attached to the Stipulation as Exhibit B.  It was devised with the assistance of an experienced damages expert, taking into account the multiple days of stock drops during the Class Period.  Whether a member of the Class has sustained a loss that will entitle the Class Member to recover from the Settlement Fund will depend on the calculation of a "recognized loss" for that member.  The calculation of the "recognized loss" will depend on several factors, including (a) when each Class Member purchased the shares of MannKind, and (b) whether the Class Member sold such shares during or after the Class Period and, if so, when.

The proposed Plan of Allocation is based on Lead Plaintiff's theory of the case and reflects Lead Plaintiff's contention that the price of MannKind common stock was artificially inflated by reason of the allegedly false and misleading statements made by Defendants during the Class Period.  There is no reason to doubt the fairness of the proposed Plan of Allocation for purposes of preliminary approval.  Even at the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel."  *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001) (citation omitted).

---

each party's claims and defenses negotiated settlement); *Louie*, 2008 WL 4473183, at *6 (experience and views of counsel weigh in favor of preliminary approval).

In light of the above considerations, the Proposed Settlement as a whole falls within the range of possible final approval. The Court should, therefore, grant preliminary approval of the Proposed Settlement and direct that notice of the Proposed Settlement be given to members of the Class.

### C. The Proposed Forms and Method of Providing Notice to the Class Are Appropriate and Satisfy Fed. R. Civ. P. 23, the PSLRA, and Due Process

Rule 23(e) governs notice requirements for settlements or "compromises" in class actions.  The Rule provides that a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. Fed. R. Civ. P. 23(e).  Here, the Parties propose to mail, by first class mail, individual copies of the Mailed Notice and the Proof of Claim and Release (the "Proof of Claim"), attached to the Stipulation as Exhibit D, to all Settlement Class Members who can be identified with reasonable effort, as well as to brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of stock.  In addition, a summary notice (the "Summary Notice"), attached to the Stipulation as Exhibit C, will be published in Investor's Business Daily, a well known, widely circulated business-oriented publication, and on a different day, the Summary Notice will be published on PR Newswire.

As required by Fed. R. Civ. P. 23(c)(2), the Mailed Notice will inform Class Members of the claims alleged in the Action, the terms of the Proposed Settlement, and their rights as Class Members to opt out or object to the Settlement, or otherwise object to the Plan of Allocation and/or the proposed attorneys' fees and expenses.  *See In re Portal Software*, 2007 WL 1991529, at *7 (mailed and published notices satisfy Rule 23(c)(3));  *Stratton v. Glacier Ins. Adm'rs, Inc.*, No. 1:02-CV-06213 OWW DLB, 2007 WL 274423, at *14 (E.D. Cal. Jan. 29, 2007) ("Notice is satisfactory in the context of settlement if it fairly apprises class

Case No.: 11-cv-00929-GAF (SSx)
Memorandum of Points and Authorities in Support
of Motion for Preliminary Approval
13

members of the terms of the settlement in sufficient detail to afford them the opportunity to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement.") (citation omitted); *see also Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citation omitted).

The Mailed Notice satisfies these requirements of Rule 23 by setting forth in plain, easily understandable language:

– The nature of the action, *see* Mailed Notice, Response to Question 2 ("What is this lawsuit about?");

– The Class definition, *see* Mailed Notice, "Security and Time Period" (p. 1) and Responses to Questions 5, 6 and 7 ("How do I know if I am part of the Settlement?," "Where are the exceptions to being included?" and "I'm still not sure if I'm included.");

– A description of the claims at issue and the defenses to those claims, *see* Mailed Notice, "Reasons for Settlement" (p. 1) and Responses to Questions 2 and 4 ("What is this lawsuit about?" and "Why is there a Settlement?");

– The ability of Settlement Class Members to enter an appearance through Counsel, *see* Mailed Notice, Response to Question 16 ("Do I have a lawyer in this case?"); and

– The Class Member's ability to be excluded and the process for exclusion from the Class, *see* Mailed Notice, Responses to Questions 13-15 ("How Do I Get Out of the Class?," "If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?" and "If I Exclude Myself, Can I Receive Money from the Class Action Settlement?").

The Mailed Notice also provides clear information about the time, date, and location of the Settlement Hearing and the process for submitting an objection to the Settlement and other relief to be requested by Lead Plaintiff and Co-Lead Counsel.

The Mailed Notice also meets the requirements of the PSLRA, 15 U.S.C. §78u-4(a)(7).  The Mailed Notice provides:

– A cover page summarizing the information contained in the Mailed Notice.  15 U.S.C. §78u-4(a)(7); *see* Mailed Notice, cover page;

– A statement of plaintiff recovery, estimating a recovery of $0.665 per damaged share before deduction of Court approved fees and expenses and costs of notice and claims administration, and assuming a 50% claims rate; the Mailed Notice further explains that under the Plan of Allocation, the actual amount recovered will vary greatly across the Class, 15 U.S.C. §78u-4(a)(7)(A); *see* Mailed Notice, "Settlement Fund" (p. 1), and Responses to Questions 8 and 9 ("What does the Settlement provide?" and "How much will my payment be?");

– A statement of the potential outcome of the case including a statement concerning the issue or issues on which the Parties disagree.   15 U.S.C. §78u-4(a)(7)(B); *see* Mailed Notice, "Reasons for Settlement" (p. 1) and Response to Question 4 ("Why is there a Settlement?");

– A statement of attorneys' fees or costs sought, including a summary of this information on the cover page.   15 U.S.C. §78u-4(a)(7)(C); *see* Mailed Notice, "Attorney's Fees and Expenses" (p. 2) and Response to Question 17 ("How will the lawyers be paid?");

– Information on how to contact the Claims Administrator and/or Class Counsel, including names, addresses, telephone numbers, and websites.  15 U.S.C. §78u-4(a)(7)(D); *see* Mailed Notice, "More Information" (p. 52  and Response to Question 23 ( "Are there more details about the Settlement?"); and

1       − <u>A discussion of the reasons for Proposed Settlement, including the factors</u>

2  <u>Lead Plaintiff and Defendants considered in reaching the Proposed Settlement</u>.  15

3  U.S.C. §78u-4(a)(7)(E); *see* Mailed Notice, "Reasons For Settlement" (p. 1) and

4  Response to Question 4 ("Why is there a Settlement?").

5       Thus, the proposed Mailed Notice to be sent to the Class provides all of the

6  information required by the PSLRA.

7       Courts have found that notice substantially equivalent to that provided for in

8  the instant Proposed Settlement constituted the "best notice practicable under the

9  circumstances," satisfying the requirements of Fed. R. Civ. P. 23(c)(2)(B).  *In re*

10  *Am. Honda Motor Co., Oil Filter Prods. Liab. Litig.* ("*Am. Honda*"), MDL No. 06-

11  1737-CAS-PLAx, 2009 WL 1204495, at *4 (C.D. Cal. Apr. 17, 2009); *Diamond*

12  *Chem. Co. v. Akzo Nobel Chems. B.V.*, 205 F.R.D. 33, 34 (D.D.C. 2001); *see*

13  *generally* MCL §21.633, at 321-22.  Trial courts are given substantial latitude to

14  determine fair and expedient procedures.  *See, e.g., Petrovic v. AMOCO Oil Co.*,

15  200 F.3d 1140, 1153 (8th Cir. 1999).  The generally accepted method to provide

16  notice to class members is by direct mail and publication in newspapers.  *Am.*

17  *Honda*, 2009 WL 1204495, at *4 (approving of such notice plan); *see also Wolfert*

18  *ex rel. Estate of Wolfert v. Transamerica Home First, Inc.*, 439 F.3d 165, 176 (2d

19  Cir. 2006) (notice by mail and publication sufficient); *Gordon v. Hunt*, 117 F.R.D.

20  58, 63 (S.D.N.Y. 1987) (combination of mailed and published notice is

21  "long-accepted norm in large class actions").

22       The Parties have carefully drafted the notice provisions of the Proposed

23  Settlement to provide the best notice practicable to the Settlement Class and

24  respectfully submit that the Mailed Notice (based in part on the illustrative notice

25  of proposed class action certification and settlement developed by the Federal

26  Judicial Center at the request of the Subcommittee on Class Actions of the U.S.

27  Judicial Branch's Advisory Committee on the Federal Rules of Civil Procedure)

and the Summary Notice, which are annexed as Exhibits B and C to the Stipulation, are adequate.

Lead Plaintiff also respectfully requests the appointment of the Garden City Group, Inc., an experienced and diligent administrator, as Claims Administrator. As Claims Administrator, the Garden City Group, Inc. will be responsible for, among other things, mailing the notices to the Settlement Class, reviewing claims from Settlement Class Members, claims administration, and compiling a distribution schedule to Settlement Class Members.

This proposed notice procedure takes into account the identity and location of the Settlement Class Members and specifies the most practicable method of providing notice to them.  The traditional methods of providing notice proposed in this case are precisely those recognized as reasonably calculated to notify class members of a proposed settlement.  *See* MCL §21.312, at 294.

## IV.   THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS

At the hearing on final approval of the Settlement, the Court will be asked to grant final approval to the Settlement on behalf of the Settlement Class.  For that reason, it is appropriate for the Court to consider, at the preliminary approval stage, whether the certification of the Settlement Class appears to be appropriate.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008).

This Action satisfies all the factors for certification of a class and, if the action were proceeding toward trial, class certification would be appropriate. Certainly, in the context of the Proposed Settlement, the preliminary certification of a Settlement Class is warranted.[8]  The Ninth Circuit and numerous courts within

---

[8]   Indeed, "[w]hether trial would present intractable management problems, see Rule 23(b)(3)(D), is not a consideration when settlement-only certification is

the Ninth Circuit have held that class actions are generally favored in securities fraud actions. *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). "[T]he law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws." *In re THQ, Inc., Sec. Litig.*, No. CV-00-1783AHM(EX), 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002) (quoting *Schneider v. Traweek*, No. CV 88-0905 RG (KX), 1990 WL 132716, at *6 (C.D. Cal. July 31, 1990)); *see also Yamner v. Boich*, No. C-92-20597 RPA,1994 WL 514035, at *2 (N.D. Cal. Sept. 15, 1994) (finding that the "Ninth Circuit favors a liberal use of class actions to enforce federal securities laws"); *Welling v. Alexy*, 155 F.R.D. 654, 656 (N.D. Cal. 1994) (same) (citation omitted).

Under Fed. R. Civ. P. 23(a), a class may be certified if it is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010); *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 296 (C.D. Cal. 2011).  In addition, the court must find that at least one of the three conditions of Fed. R. Civ. P. 23(b) are satisfied. Under subsection (b)(3), the court must find the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient

requested, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997).

adjudication of the controversy. *McKenzie*, 275 F.R.D. at 298-99; *accord, Jaffe*, 2008 WL 346417, at *7.[9]

This Action clearly satisfies each of the requirements for the certification of a settlement class.

## A. The Settlement Class Is Sufficiently Numerous to Warrant Certification

Rule 23(a)(1) requires the class to be so large that joinder of all members is impracticable. The number of purchasers of MannKind's common stock during the Settlement Class Period, and hence the number of members of the Settlement Class, number in the thousands. According to MannKind's 2010 Form 10-K, over 130 million shares of common stock were outstanding as of February 18, 2011.[10] Additionally, the Settlement Class Members are located in numerous jurisdictions throughout the United States. Thus, a group this large and geographically diverse is too large and unwieldy to join in a single action.

## B. There Are Substantial Common Questions of Law and Fact

A proposed settlement class has sufficient commonality to justify certification where there are substantial questions of law and fact common to the class. *See Wolin,* 617 F.3d at 1172. Here, there are numerous questions of law and fact common to the Settlement Class. If the Action were to proceed, such common questions would include whether the provisions of the Exchange Act were violated by Defendants' acts as alleged in Lead Plaintiff's Complaint; whether documents,

---

[9]  "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019; *accord Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).

[10] Available at: http://www.sec.gov/Archives/edgar/data/899460/00009501231102 6011/v58971e10vk.htm.

including press releases, and public statements issued by Defendants to the investing public misrepresented material facts about the Company and its business; and, whether the revelation of the truth about Defendants' alleged misrepresentations to the investing public resulted in a decline in the price of MannKind common stock.   In the context of the Settlement Class, additional common questions include whether the Proposed Settlement is fair, reasonable and adequate; and whether the Proposed Settlement should be approved.   Thus, the Settlement Class should be preliminarily approved.

### C.   Lead Plaintiff's Claims Are Typical of Other Settlement Class Members

The claims of the Lead Plaintiff are typical of the claims of the other members of the Class.   Like the other Settlement Class Members, the Lead Plaintiff purchased MannKind securities during the Class Period, at a time when Defendants' alleged misrepresentations had not been disclosed.   Lead Plaintiff alleges that Defendants' undisclosed misrepresentations resulted in artificial inflation of the price of the MannKind common stock that Lead Plaintiff purchased and that, upon disclosure of the alleged misrepresentations, the value of the common stock purchased by Lead Plaintiff declined.   The other members of the Settlement Class were affected in the same ways. Similarly, the interest of the Lead Plaintiff in obtaining a fair, reasonable and adequate settlement of the claims asserted is identical to the interests of the remaining Settlement Class Members. Under the proposed Plan of Allocation, Lead Plaintiff will receive the same pro rata share of the Settlement Fund as the rest of the Settlement Class.   Accordingly, the typicality requirement is met.

//

//

//

### D.     Lead   Plaintiff   and   Co-Lead   Counsel   Have   Adequately Represented the Settlement Class

The Lead Plaintiff has prosecuted the Action, negotiated with Defendants, and obtained a Proposed Settlement representing a significant percentage of the losses allegedly suffered by members of the Settlement Class.  Pursuant to the proposed Plan of Allocation, the estimated average recovery per share of common stock will be approximately $0.665 per share before the deduction of Court-approved fees and expenses and costs of notice and claims administration, assuming a 50% claims rate.[11]   Moreover, Lead Plaintiff retained, and is represented by, highly qualified counsel with extensive experience in the prosecution of securities class actions.  *See* Declaration of Coby M. Turner In Support Of Unopposed Motion For Preliminary Approval, submitted herewith. Thus, Lead Plaintiff has fairly and adequately protected and advanced the interests of the Settlement Class and the requirements of Rule 23(a)(4) are met.

### E.     The Predominance and Superiority Requirements Are Satisfied

Under Rule 23(b)(3), a class may be certified if a court finds that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Here, the proposed Settlement Class satisfies the requirements of Rule 23(b) in that, as described above, the questions of law or fact common to the members of the Settlement Class clearly predominate over any questions affecting individual members.  Moreover, damages suffered by members of the Settlement Class are not sufficient to make it economical to prosecute separate actions in order to recover individual losses sustained as a result of Defendants' alleged violations of the securities laws.  *Amchem Prods.,* 521 U.S. at 617 ("The

---

[11]  Lead Plaintiff's damage expert calculated the average recovery per share based on her assessment that there was an estimated 69,701,072 shares damaged during the Settlement Class Period.

1  policy at the very core of the class action mechanism is to overcome the problem

2  that small recoveries do not provide the incentive for any individual to bring a solo

3  action…A class action solves this problem…").   Accordingly, a class action is

4  superior to other available methods for the fair and efficient adjudication of the

5  controversy.

6        Additionally, Lead Plaintiff may rely on the fraud-on-the-market

7  presumption since MannKind was actively traded in an efficient market.  *See Basic*

8  *Inc. v. Levinson*, 485 U.S. 224, 241-42, 246-47 (1988); *see also Conn. Ret. Plans*

9  *& Trust Funds v. Amgen, Inc.*, No. CV-07-2536 PSG (PLAx), 2009 WL 2633743,

10  at *12 (C.D. Cal. Aug. 12, 2009).  An efficient market is one that rapidly reflects

11  new information in price, such that security prices fully reflect all available

12  information.   *Conn. Ret. Plans*, 2009 WL 2633743, at *10.   Here, where

13  MannKind was traded on the NASDAQ, a national exchange, the Company was

14  followed by at least sixteen analysts, the average weekly trading volume during the

15  Class Period was over 10% of shares outstanding, and the stock prices reflected

16  public information, an efficient market is present.  Since the fraud-on-the-market

17  presumption applies, the need for individual reliance by each Class Member is

18  eliminated.   This further supports the conclusion that common questions of fact

19  and law predominate over individual questions pursuant to Rule 23(b)(3).   *See*

20  *Huberman v. Tag-It Pacific Inc.*, 314 Fed. App'x 59, 62-63 (9th Cir. 2009).

21        As demonstrated by the foregoing, the proposed Settlement Class satisfies

22  each of the requirements for the certification of a class pursuant to Fed. R. Civ. P.

23  23(a) and at least one of the factors enumerated in Rule 23(b). The certification of

24  the Settlement Class is, therefore, warranted.

25  **V.     PROPOSED SETTLEMENT SCHEDULE**

26        The Court's entry of the proposed Preliminary Approval Order would,

27  among other things, (i) provisionally certify, for settlement purposes, this Action as

a class action; (ii) direct notice of the Proposed Settlement to all members of the Class; and (iii) schedule the Settlement Hearing to consider whether the Proposed Settlement should be approved as being fair, reasonable and adequate.  As such, the Preliminary Approval Order sets a proposed schedule for mailing and publication of the Mailed Notice and Summary Notice, and deadlines for submitting claims and/or objecting to the Proposed Settlement or opting out of the Settlement Class.

Lead Plaintiff recommends the schedule set forth below.  Defendants agree to the proposed schedule setting the Settlement Hearing a minimum of 100 days after the granting of the Preliminary Approval Order.  The Parties also agree to the schedule for the other dates, as provided for in the proposed Preliminary Approval Order, which were negotiated among the Parties.

| Notice Mailed to Class Members (Preliminary Approval Order, ¶10(a)) | 20 business days after entry of the order preliminarily approving the settlement |
|---|---|
| Summary Notice published (Preliminary Approval Order, ¶10(c)) | 30 business days after entry of the order preliminarily approving the settlement |
| Settlement Hearing (Preliminary Approval Order, ¶15) | To be determined by the court, Lead Plaintiff proposes the hearing be set a minimum of 100 days after the order preliminarily approving the settlement |
| Deadline for Lead Plaintiff to file papers in support of final approval and application for fees and expenses. (Preliminary Approval Order, ¶16) | 35 days prior to the Settlement Hearing |

| | |
|---|---|
| Deadline for Objections to the Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses (Preliminary Approval Order, ¶17) | 21 days prior to the Settlement Hearing |
| Deadline for requesting exclusion from the Settlement (Preliminary Approval Order, ¶12) | 28 days prior to the Settlement Hearing |
| Deadline for Lead Plaintiff to file papers in further support of final approval and application for fees and expenses. (Preliminary Approval Order, ¶16) | 7 days prior to the Settlement Hearing |
| Deadline for submitting Proof of Claim forms (Preliminary Approval Order, ¶14) | 100 days from the Notice Date |

## VI.   CONCLUSION

Lead Plaintiff respectfully requests that the Court enter the Preliminary Approval Order, which Defendants have consented to, preliminarily certify the Settlement Class, and direct the Mailed Notice be distributed to the members of the Class.

Dated: August 6, 2012                          Respectfully submitted,

GLANCY BINKOW & GOLDBERG LLP

By:  *s/ Coby M. Turner*
Lionel Z. Glancy
Robin Bronzaft Howald
Coby M. Turner
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Telephone:  (310) 201-9150
Facsimile:    (310) 201-9160
Email:  Info@glancylaw.com

Patrick V. Dahlstrom *(pro hac vice)*
Joshua B. Silverman *(pro hac vice)*
POMERANTZ GROSSMAN HUFFORD
    DAHLSTROM & GROSS LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:    (312) 377-1184
Email:        pdahlstrom@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

Peretz Bronstein
BRONSTEIN GERWITZ & GROSSMAN
60 East 42nd Street, Suite 4600
New York, NY 10165-0006
Telephone:   (212) 697-6484
Facsimile:    (212) 661-7296

*Additional Counsel for Plaintiffs*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On August 6, 2012, I caused to be served the following documents:

**1.     LEAD PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES**

**2.     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES**

**3.     DECLARATION OF COBY M. TURNER IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND ESTABLISHING NOTICE PROCEDURES**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties on the attached Court's ECF Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 6, 2012, at  Los Angeles, California.


*s/Coby M. Turner*
Coby M. Turner

# Mailing Information for a Case 2:11-cv-00929-GAF -SS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@ktmc.com,arobles@ktmc.com

- **Peter M Adams**
  padams@cooley.com,sissa@cooley.com

- **Naumon A Amjed**
  namjed@btkmc.com

- **Adrienne O Bell**
  abell@btkmc.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,chourani@cooley.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Marc I Gross**
  migross@pomlaw.com

- **Robert I Harwood**
  rharwood@hfesq.com,srosen@hfesq.com,gmariano@hfesq.com

- **Dennis J Herman**
  dherman@rgrdlaw.com

- **Robin Bronzaft Howald**
  rhowald@glancylaw.com

- **Lewis S Kahn**
  lewis.kahn@ksfcounsel.com

- **Stacey M Kaplan**
  skaplan@ktmc.com,arobles@ktmc.com

- **D Seamus Kaskela**
  skaskela@btkmc.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com

- **Erik David Peterson**
  epeterson@ktmc.com,knguyen@ktmc.com,arobles@ktmc.com

- **David M Promisloff**
  dpromisloff@btkmc.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel K Rosen**
  srosen@hfesq.com,gmariano@hfesq.com

- **Joshua B Silverman**
  jbsilverman@pomlaw.com

- **Meghan O'Ryan Spieker**
  mspieker@cooley.com,msalas@cooley.com,gwilliams@cooley.com

- **Darcie Allison Tilly**
  dtilly@cooley.com,maraujo@cooley.com

- **Coby Marie Turner**
  cturner@glancylaw.com,info@glancylaw.com

- **David C Walton**
  davew@rgrdlaw.com,hectorm@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)