JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MANNKIND CORP. SECURITIES LITIGATION | Case No. 11-cv-00929-GAF (SSx)<br><br>**ORDER OF FINAL JUDGMENT AND DISMISSAL** |
| This Document Relates To: ALL ACTIONS | Action Filed: January 31, 2011 |

WHEREAS, the Court has been informed that Ki Yong Choi, Lead Plaintiff in this action, and defendants MannKind Corporation ("MannKind"), Alfred E. Mann, Hakan S. Edstrom, Matthew J. Pfeffer, and Peter C. Richardson (collectively, "Defendants") have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Settlement, executed on July 23, 2012 (the "Stipulation");

WHEREAS, this matter came before the Court for hearing on December 17, 2012 at 9:30 a.m., pursuant to the Scheduling Order of this Court entered September 18, 2012, on the application of the parties for final approval of the settlement as set forth in the Stipulation;

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has the requisite jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members who did not file, pursuant to the Court's Preliminary Approval Order dated September 12, 2012, and pursuant to the Court's Scheduling Order dated September 18, 2012, a timely request for exclusion from the Settlement Class by the November 19, 2012 deadline.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

Court-appointed Lead Plaintiff Ki Yong Choi are typical of the claims of the Settlement Class he represents; (d) the Lead Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this action is hereby finally certified as a class action, on behalf of all Persons who, during the Settlement Class Period (May 4, 2010 through February 11, 2011), purchased publicly traded shares of MannKind common stock (the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of MannKind; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; any immediate family member of a Settling Individual Defendant; and (b) any putative members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

5. The Court finds that the Stipulation, the Settlement contained therein, and proposed Plan of Allocation are fair, just, reasonable, and adequate as to each of the Parties and the Settlement Class. The Stipulation, Settlement contained therein, and proposed Plan of Allocation are finally approved in all respects, and the Parties are hereby directed to perform its terms.

6. The distribution of the Mailed Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including the Mailed Notice to all members of the Settlement Class who could be identified through reasonable

effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities and Exchange Act of 1934, and the requirement of due process.

7. Pursuant to Section 3(a)(10) of the Securities Act of 1933, any securities being issued pursuant to the Stipulation will be exempt from registration and will be identical in all respects to MannKind's currently outstanding shares of common stock.

8. This Court hereby dismisses the Action in its entirety as to Defendants, with prejudice and without costs (except as otherwise provided in the Stipulation).

9. Except as to any individual claims of Persons identified on Exhibit 1, who have timely and validly requested exclusion from the Settlement Class, the Action and all claims contained therein, including the Released Claims and Released Defendants' Claims, as against the Released Parties, are hereby extinguished. Those Persons listed on Exhibit 1 shall not have any rights to receive any distribution from the Net Settlement Fund or otherwise.

10. Upon the Effective Date:

a. Lead Plaintiff and each of the members of the Settlement Class, on behalf of themselves, and to the extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Defendants' Parties from the Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against any of them, directly, indirectly, or in any other capacity,

whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release.

b. The Defendants, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the members of the Settlement Class, their attorneys, and the Released Plaintiffs' Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

11. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnity, or any claims however designated that seek equivalent relief are hereby permanently barred and discharged if the claim or claims:

a. arise out of the Action or any Released Claim, including any claim arising out of, relating to, or connected in any way with (i) the purchase of MannKind common stock on the open market during the Settlement Class Period; and (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act which were, or could have been alleged, in the Action or in any other forum, based upon, relating to or arising from the facts which were or could have been alleged in the Action; and

b. are filed by any Person against MannKind or any Individual Defendant, or filed by MannKind or any Individual Defendant against any Person; except that MannKind expressly reserves the right to seek contribution, equitable indemnity, or any claim seeking equivalent relief against any Person (other than the

Individual Defendants, Plaintiffs, and their Related Parties, as defined in the Stipulation) whose liability has been extinguished by the Settlement.

12. This Order of Final Judgment and Dismissal is a final judgment in the Action as to all claims, including Unknown Claims, among the Defendants and their Released Parties, on the one hand, and Lead Plaintiff, the members of the Settlement Class, and their Released Parties, on the other hand.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Lead Plaintiff and the Settlement Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce or interpret the terms of the Settlement, and except that any of the Released Parties may file the Stipulation and/or this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Order in any way, this Court retains continuing jurisdiction over the Parties, the Settlement Class Members and

all proceedings related to the implementation and enforcement of the terms of the Stipulation.

15. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

16. In the event that this Order is reversed on appeal, the provisions of Paragraph XI.F of the Stipulation shall apply.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court **GRANTS** Co-Lead Counsel's request for attorneys' fees in the amount of $4,000,000 and 694,444 shares of MannKind common stock, and reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in the amount of $149,902.75, together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid. Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

19. Any order approving or modifying the Plan of Allocation, Co-Lead Counsel's application or award of attorneys' fees and expenses, or Lead Plaintiff's application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained

therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

20. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of Court is expressly directed.

**IT IS SO ORDERED.**

Dated: December 21, 2012

By: Gary Feess
THE HON. GARY A. FEESS
UNITED STATES DISTRICT JUDGE