LIONEL Z. GLANCY (#134180)
CASEY E. SADLER (#274241)
ALEXA J. MULLARKY (#307932)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

PATRICK V. DAHLSTOM (*pro hac vice*)
JOSHUA B. SILVERMAN (*pro hac vice*)
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

Co-Lead Counsel for Plaintiffs
[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MANNKIND CORP. SECURITIES LITIGATION | Case No. 11-cv-0929-GAF (SSx)<br><br>**UNOPPOSED MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF THE RESIDUAL BALANCE OF THE NET SETTLEMENT FUND TO AN APPROPRIATE CY PRES ORGANIZATION** |

Lead Plaintiff Ki Yong Choi ("Lead Plaintiff"), individually and on behalf of the Settlement Class[1] (collectively, "Plaintiffs"), respectfully moves for an Order authorizing the donation of the residual, unclaimed balance remaining in the Net Settlement Fund to Public Justice, a not-for-profit 501(c)(3) organization that pursues high impact litigation to combat social and economic injustice.

As set forth below, the Court previously granted final approval of the Settlement, and Garden City Group, LLC[2] ("GCG" or the "Claims Administrator") was ordered to administer the Settlement Fund and distribute checks to Authorized Claimants. The Court retained jurisdiction over the administration of the Settlement. As of December 1, 2016, there was a remaining balance of $6,909.02 in the Net Settlement Fund after the completion of the Initial and Second Distributions. *See* Declaration of Stephen J. Cirami in Support of Plaintiffs' Unopposed Motion for an Order Authorizing Distribution of the Residual Balance of the Net Settlement Fund to an Appropriate Cy Pres Organization (the "Cirami Decl."), filed herewith, at ¶ 9. As explained below, it is not economically feasible to redistribute this amount to eligible Authorized Claimants.

Counsel for Defendants have reviewed the within papers and have advised that they do not oppose this motion.

---

[1] Unless indicated otherwise, all terms with initial capitalization shall have the same meaning ascribed to them in the Stipulation of Settlement dated July 23, 2012 and filed with this Court on August 6, 2012 (Dkt. No. 99-1, "Stipulation").

[2] The Garden City Group, Inc. is now known as Garden City Group, LLC.

## I. Procedural Background

On July 23, 2012, the Stipulation was entered into between Lead Plaintiff, on behalf of the Settlement Class, and Defendants MannKind Corp. ("MannKind"), Alfred E. Mann, Hakan S. Edstrom, Matthew J. Pfeffer, and Peter C. Richardson (collectively, "Defendants"), and filed with the Court on August 6, 2012. *See* Dkt. No. 99-1. Thereafter, on September 12, 2012, this Court approved Co-Lead Counsel's selection of GCG as the Claims Administrator on behalf of Plaintiffs (Dkt. No. 105, "Preliminary Approval Order"); and on December 21, 2012, this Court issued an Order of Final Judgment and Dismissal (Dkt. No. 118, "Final Judgment Order"), approving the Settlement as fair, just, reasonable, and adequate (*id.* at ¶ 5), and authorizing the Court to retain jurisdiction over the implementation and enforcement of the Settlement (*id.* at ¶ 14). Finally, on January 17, 2014, this Court issued an Order Authorizing the Disbursement of the Net Settlement Fund (Dkt No. 123, "Distribution Order").

## II. Distribution of the Net Settlement Fund

As set forth in the Cirami Declaration, GCG conducted the initial distribution of the Net Settlement Fund to Authorized Claimants (the "Initial Distribution") on March 14, 2014, in which GCG paid 5,115 claims via check or wire in the total amount of $16,828,121.68. Cirami Decl. at ¶ 3. GCG monitored the status of these checks and made efforts to communicate with Authorized Claimants via phone and e-mail to update contact information and to encourage Authorized Claimants to cash their checks. *Id*. at ¶ 4. Payments totaling $16,646,847.52, or ___98.92% of the amount distributed in

the Initial Distribution were ultimately cashed by Authorized Claimants, net of funds that were returned. *Id.* at ¶ 5.

Following the Initial Distribution, approximately $280,000 remained in the Net Settlement Fund as of October 2014. *Id*. Thereafter, on June 11, 2015, GCG conducted a supplemental distribution to ten Authorized Claimants who had provided late claim adjustments that placed their claims in good standing. *Id.* Ten checks in a total amount of $24,599.68 were sent to these claimants as part of the supplemental distribution, and all ten checks were cashed. *Id.*

Following the supplemental distribution, Co-Lead Counsel and GCG determined that it was economically feasible to conduct a second distribution of the Net Settlement Fund to Authorized Claimants who had cashed their Initial Distribution checks (the "Second Distribution"). *Id.* at ¶ 7. In the Second Distribution, which occurred on or about November 20, 2015, a total of 1,681 claims were paid via check or wire in a total amount of $_162,613.81. *Id.* GCG again monitored the status of these checks and made efforts to communicate with Authorized Claimants via phone and e-mail. *Id.* at ¶¶ 4, 8. Payments totaling $155,564.28, or 95.66% of the amount distributed in the Second Distribution were ultimately cashed by Authorized Claimants, net of funds that were returned. *Id.* at ¶ 9. Approximately 150 checks remain outstanding despite the diligent efforts of GCG. *Id.*at ¶ 10.

As of December 1, 2016, there was a balance of $_6,909.02 remaining in the Net Settlement Fund. *Id.* at ¶ 9. It is economically feasible to redistribute these remaining

funds to Authorized Claimants given that the administrative expenses involved in issuing and mailing checks and re-administering another distribution are estimated to be approximately $15,000, which exceeds the amount remaining in the Net Settlement Fund. *Id*. at ¶ 11.

## III. A *Cy Pres* Donation Is an Appropriate Distribution of the Residual, Unclaimed Balance of the Net Settlement Fund

"Federal courts [] frequently apply [the doctrine of *cy pres*] in the settlement of class actions 'where the proof of individual claims would be burdensome or distribution of damages costly.'" *Dennis v. Kellog Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)); *see also Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 945-46 (N.D. Cal. 2013) (same). A *cy pres* award should "'retain[] some connection to the plaintiff class and the underlying claims.'" *Cox v. Clarus Mktg. Group, LLC*, 291 F.R.D. 473, 481 (S.D. Cal. 2013) (quoting *Dennis*, 697 F.3d at 865); *see also Perkins v. LinkedIn Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *11-13 (N.D. Cal. Feb. 16, 2016) (finding that *cy pres* recipients had a "sufficient nexus to the plaintiff Class" and noting that "courts 'do not require as part of the [*cy pres*] doctrine that settling parties select a *cy pres* recipient that the court or class members would find ideal.'") (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012)); *In re Publ'n Paper Antitrust Litig.*, No. 3:04 MD 1631(SRU), 2009 WL 2351724, at *2 (D. Conn. July 30, 2009) (approving a $28,000 donation to Public Justice because it was a "charitable institution" designed to "protect

consumers.”).

Because a further distribution is not economically feasible given the small amount remaining in the Net Settlement Fund and the cost of distribution, Plaintiffs request authorization to donate the residual balance of the Net Settlement Fund to Public Justice. Public Justice is a not-for-profit 501(c)(3) organization that seeks to combat social and economic injustice. Among its many goals, Public Justice seeks to preserve class actions and prevent their abuse, allow potential class members to access justice, and hold companies that cheat, harm, or discriminate against large numbers of people accountable. *See* PUBLIC JUSTICE, http://www.publicjustice.net/what-we-do/ (last visited Nov. 16, 2016). To accomplish these objectives, Public Justice often pursues high impact litigation. Donation of the residual balance of the Net Settlement Fund to Public Justice would support programs and initiatives nationwide that are consistent with Public Justice’s mission of combatting economic injustice and preserving class action lawsuits, both of which are related to this securities action. Public Justice therefore meets the requirements of a *cy pres* beneficiary in that there is a “sufficient nexus” between the goals and initiatives of Public Justice and the interests of the plaintiff Class.

Accordingly, Plaintiffs respectfully submit that the best use of the residual, unclaimed balance in the Net Settlement Fund would be to donate it to Public Justice to further their work.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue the accompanying proposed Order granting the relief sought herein.

DATED: December 22, 2016

GLANCY PRONGAY & MURRAY LLP

By: *s/ Alexa J. Mullarky*
Lionel Z. Glancy
Casey E. Sadler
Alexa J. Mullarky
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Patrick V. Dahlstrom (*pro hac vice*)
Joshua B. Silverman (*pro hac vice*)
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 661-7296

*Attorneys for Plaintiffs*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 22, 2016, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 22, 2016, at Los Angeles, California.

*s/ Alexa J. Mullarky*
Alexa J. Mullarky

# Mailing Information for a Case 2:11-cv-00929-GAF-SS Justin Mui v. Mannkind Corporation et al - THE MANNKIND SECURITIES ACTIONS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com
- **Peter M Adams**
  padams@cooley.com,daland@cooley.com
- **Naumon A Amjed**
  namjed@ktmc.com
- **Adrienne O Bell**
  abell@btkmc.com
- **Peter A Binkow**
  pbinkow@glancylaw.com
- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com
- **Koji F Fukumura**
  kfukumura@cooley.com,chourani@cooley.com
- **Lionel Zevi Glancy**
  lglancy@glancylaw.com
- **Michael M Goldberg**
  michael@goldberglawpc.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,brian@goldberglawpc.com
- **Marc I Gross**
  migross@pomlaw.com
- **Robert I Harwood**
  rharwood@hfesq.com,srosen@hfesq.com,gmariano@hfesq.com
- **Dennis J Herman**
  dennish@rgrdlaw.com
- **Robin Bronzaft Howald**
  rhowald@glancylaw.com
- **Lewis S Kahn**
  lewis.kahn@ksfcounsel.com
- **Stacey M Kaplan**
  skaplan@ktmc.com,eciolko@ktmc.com,ebarlieb@ktmc.com,rmuchnick@ktmc.com,pmuhic@ktmc.com,yjayasuriya@ktmc.com,pbreucop@ktmc.com,mswift@ktmc.com
- **D Seamus Kaskela**
  skaskela@btkmc.com
- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com
- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com
- **David M Promisloff**
  dmp@weiserlawfirm.com
- **Darren J Robbins**
  e_file_sd@rgrdlaw.com
- **Samuel K Rosen**
  srosen@hfesq.com,gmariano@hfesq.com
- **Joshua B Silverman**
  jbsilverman@pomlaw.com
- **Meghan O'Ryan Spieker**
  megspieker@gmail.com

- **Darcie Allison Tilly**
  dtilly@cooley.com,maraujo@cooley.com

- **David C Walton**
  davew@rgrdlaw.com,stremblay@rgrdlaw.com,jillk@rgrdlaw.com,hectorm@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Erik David Peterson**
Kessler Topaz Meltzer & Check, LLP
One Sansome Street
Suite 1850
San Francisco, CA 94104